[No. 25454. Department Two. May 24, 1935.]

RAINIER NATIONAL PARK COMPANY, *Appellant,* v. HAROLD H. HENNEFORD *et al., Respondents.*[1]

[1]Reported in 45 P. (2d) 617.

*Grosscup & Morrow (Hayden, Metzger & Blair,* of counsel) for appellant.

*The Attorney General* and *E. P. Donnelly, Assist-ant,* for respondents.

BLAKE, J.—This is an appeal from a judgment dismissing an action for injunctive relief upon sustaining a demurrer to the complaint. The complaint challenges the right of the state to collect from plaintiff the tax imposed on businesses and occupations under chapter 191, Laws of 1933, p. 869 (Rem. 1934 Sup., § 8326-1 [P. C. § 7068-31] *et seq.*).

Appellant is a corporation, organized and existing under the laws of West Virginia. On April 8, 1928, the Secretary of the Interior of the United States entered into a contract with appellant, by terms of which the latter was granted, for a term of twenty years, the right to establish, maintain and operate facilities for the accommodation and entertainment of visitors to Rainier National Park. The concessions included were the rights to operate and maintain hotels, inns, lodges, camps, playgrounds and facilities for transportation. By the terms of the contract, the appellant obligated itself to exercise its rights

" . . . in such manner as the Secretary shall deem in every respect satisfactory and designed to promote the object for which the park was created and established."

Moreover, it was agreed that the appellant should file with the Secretary a tariff or schedule of charges to be made for the several kinds of service given, and that such tariff should be subject to such modifications "not inconsistent with a reasonable profit on the investment of the company in the park" as the Secretary might see fit to make.

The objections of appellant to the tax, as we under-

stand counsel's argument, are two-fold: First, that the imposition sought to be levied under chapter 191, Laws of 1933, p. 869 (Rem. 1934 Sup., § 8326-1 [P. C. § 7068-31] *et seq.*), is a license tax which the state has no power to impose upon appellant, because its rights derive from the government of the United States; second, that, under the terms of its contract with the Secretary of the Interior, appellant is a governmental agency, and therefore exempt from taxation by the state.

While the tax imposed by chapter 191, Laws of 1933, p. 869, is an excise and not a property tax (*State ex rel. Stiner v. Yelle,* 174 Wash. 402, 25 P. (2d) 91), it is in no sense a license tax. It is not imposed as a prerequisite to entering into, or for the regulation of, business, but solely for revenue purposes. See Cooley on Taxation (4th ed.), § 26, p. 1688. From such a tax, a private corporation is not exempt, even though the rights it exercises may be, in whole or in part, derived from the Federal government. *Federal Compress & Warehouse Co. v. McLean,* 291 U. S. 17, 54 S. Ct. 267; *Pacific Tel. & Tel. Co. v. Seattle,* 172 Wash. 649, 21 P. (2d) 721. See, also, *Postal Telegraph-Cable Co. v. Richmond,* 249 U. S. 252, 39 S. Ct. 265.

Nor does the fact that appellant derives its rights under a contract which reserves supervisory powers in the Secretary of the Interior make of it a Federal instrumentality, or exempt its business from state taxation. *Thomson v. Pacific R. R. Co.,* 76 U. S. 579; *Baltimore Shipbuilding & Dry Dock Co. v. Baltimore,* 195 U. S. 375, 25 S. Ct. 50; *Fidelity & Deposit Co. v. Commonwealth,* 240 U. S. 319, 36 S. Ct. 298; *Federal Compress Co. v. McLean, supra.* In the first and last cases just cited, the court considered and effectively disposed of contentions similar to those made by appellant here. In the first, the court said:

"No one questions that the power to tax all property, business, and persons, within their respective limits, is original in the States and has never been surrendered. It cannot be so used, indeed, as to defeat or hinder the operations of the National government; but it will be safe to conclude, in general, in reference to persons and State corporations employed in government service, that when Congress has not interposed to protect their property from State taxation, such taxation is not obnoxious to that objection.

"We perceive no limits to the principle of exemption which the complainants seek to establish. It would remove from the reach of State taxation all the property of every agent of the government. Every corporation engaged in the transportation of mails, or of government property of any description, by land or water, or in supplying materials for the use of the government, or in performing any service of whatever kind, might claim the benefit of the exemption. The amount of property now held by such corporations, and having relations more or less direct to the National government and its service, is very great. And this amount is continually increasing; so that it may admit of question whether the whole income of the property which will remain liable to State taxation, if the principle contended for is admitted and applied in its fullest extent, may not ultimately be found inadequate to the support of the State governments."

In the last:

"It can no longer be thought that the enjoyment of a privilege conferred by either the national or a state government upon the individual, even though to promote some governmental policy, relieves him from the taxation by the other of his property or business used or carried on in the enjoyment of the privilege or of the profits derived from it."

Under the authorities cited, we think there is no foundation for appellant's claim that it is a Federal instrumentality. On the face of the complaint, it is apparent that appellant is merely a private corpora-

.tion, operating for profit under a contract with the Secretary of the Interior granting to it certain concessions and privileges within the confines of Rainier National Park. The fact that its rights and privileges derive from the Federal government does not make of it a Federal agency, nor exempt it from taxation by the state.

Judgment affirmed.

MILLARD, C. J., HOLCOMB, STEINERT, and MITCHELL, JJ., concur.

