THE COURT.
 

 The plaintiff herein sued to recover sales taxes imposed on retail sales to visitors and others in Yosemite National Park, and paid by it under protest. A demurrer to the complaint was sustained and judgment entered for the defendant. The plaintiff appealed' from the judgment.
 

 Most of the questions raised are answered by the decision this day filed in the case of
 
 Standard Oil Co. of California
 
 v.
 
 Johnson,
 
 Sac. Nos. 5144 and 5145, this day decided
 
 {ante,
 
 p. 758 [76 Pac. (2d) 1184]), and that decision is deemed controlling on the disposition of those questions herein.
 

 The plaintiff is a private corporation authorized to do business in this state. It operates as United States gov-
 
 *771
 
 eminent lessee and concessioner in Yosemite Valley under a contract with the secretary of the interior. The additional contention herein that as such lessee and concessioner it is not subject to the reserved taxing power of the state has been answered adversely in the case of
 
 Rainier Nat. Park Co.
 
 v.
 
 Henneford,
 
 182 Wash. 159 [45 Pac. (2d) 617] (petition for writ of
 
 certiorari
 
 denied, 296 U. S. 647 [56 Sup. Ct. 307, 80 L. Ed. 460]), In that case a similar lessee and concessioner operating in a national park was held subject to taxation by the state. (See, also,
 
 Silas Mason, Inc.,
 
 v.
 
 State Tax Corn.,
 
 188 Wash. 98 [61 Pac. (2d) 1269] (affirmed 302 U. S. 186 [58 Sup. Ct. 233, 82 L. Ed. ----]), and
 
 Rainier Nat. Park Co.
 
 v.
 
 Martin,
 
 18 Fed. Supp. 481, affirmed 302 U. S. 661 [58 Sup. Ct. 478, 82 L. Ed. ----]). We find no merit in the contention. Nor may it be said that the exercise of the reserved taxing power will hinder the Yosemite Park and Curry Company in the efficient performance of its contract with the federal government.
 

 The judgment is affirmed.
 

 Rehearing denied.