THE TRUSTEES OF THE VILLAGE OF ELMIRA *vs.* DUNN.

Where the charter of a village authorized the trustees to raise money by tax, to be assessed on the estates, real and personal, within the corporation, and collected from the several owners thereof, to pay the contingent and other expenses of the corporation, and the trustees imposed and assessed taxes against the defendant on certain premises of which the corporation had given a lease to another for 990 years, for $400 in hand paid, and for the annual rent of three pepper corns if demanded, of which premises the defendant was in possession, having acquired the interest of the lessee therein; *Held*, that the premises were rightfully taxed to the defendant as real estate of which he was the owner.

THE reporter has not been furnished with any papers in this case, from which to prepare a statement of the facts. It is believed, however, that the opinion of the court states all the particulars necessary to an understanding of the decision.

*E. P. Hart*, for the plaintiffs.

*J. Dunn*, for the defendant.

*By the Court*, MASON, J. The second section of title five of the charter of the village of Elmira, (*Laws of* 1850, *p.* 324,) authorizes the trustees of said village to raise money by tax to be assessed on the estates, real and personal, within the corporation, and collected from the several owners thereof, &c. to pay contingent and other expenses of the corporation, &c. In 1854 and 1855 the trustees of said village imposed and assessed taxes against the defendant on certain premises of which the plaintiffs had given a lease for 990 years, for $400 in hand paid, and for the annual rent of three pepper corns if demanded. The defendant had acquired the interest of the lessee, and was in possession of the premises. The question presented for our adjudication is, whether the defendant is liable to be taxed for these premises under this charter. I think he is. The tax is to be assessed on the estates, real and personal, within the corporation, and to be collected from the several owners. Under

our revised statutes the interest of a lessee in such a case is regarded as an estate in land. (1 *R. S.* 722, §§ 1, 5.) A judgment against the lessee becomes a lien and charge upon such estate as real estate, and the same may be sold, the same as real estate. (2 *R. S.* 359, § 3. 7 *Wendell*, 468.) And that such a lessee might redeem the same from a prior mortgage, given by the lessee, was expressly held in *Averill* v. *Taylor*, (4 *Selden*, 44.) Such estates take their place under our statutes as estates in lands. (1 *R. S.* 722, § 1. *Id.* 750, § 10. *Id.* 762, § 36.) And such is the view taken in the prevailing opinion in *Averill* v. *Taylor*, (4 *Selden*, 52.) It is true that they had been so long treated as personal property that the legislature, for the purpose of preserving a rule of property in regard to personal representatives and the creditors of deceased persons, (2 *R. S.* 82, § 6,) have provided that leases for years shall go to the administrators and be distributed as personal property. They went there at common law; but after the legislature had given to such estates the dignity and importance of real estate, and had expressly declared that they should be embraced in the term lands, and had given them a place in the division of estates in lands, declaring them to be subject to the lien of judgments and of sales on execution, the same as real estate, there was a necessity that they should provide by express enactment that they should go to the executors or administrators, and be distributed as personal property; otherwise they would have descended as real estate to the heir at law. If I am right in the views above expressed, it follows that these premises were rightfully taxed to the defendant as real estate of which he was the owner. It does not alter the positive character which our statutes declare shall be given to such a leasehold interest in the hands of the lessee or the owner of the term, that for the single purpose of the statute of distributions they have seen fit to place it with the personal property of the deceased, and give it the same direction. The 6th section of title 5, chap. 13 of 1 *R. S.* 419, has no application to the case; for the reason that

the defendant is the person who ought to pay the tax, as it was property assessed to him.   I concur in the judgment advised by my brother SHANKLAND.

Judgment for the plaintiffs.

[DELAWARE GENERAL TERM, July 8, 1856.   *Shankland, Gray* and *Mason,* Justices.]