**UNITED STATES v. ERIE COUNTY, N. Y., et al.**

No. 2253.

District Court, W. D. New York.

Nov. 21, 1939.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., for complainant.

Paul J. Batt, of Buffalo, N. Y., for defendant Erie County.

Robert P. Galloway, of Silver Creek, N. Y., for Town of Brant.

KNIGHT, District Judge.

This is an action brought by the United States, on its own behalf and on behalf and

as guardian of the Seneca Nation of Indians, and on behalf of the heirs of George A. Jemison (Jimerson), a deceased member of said Nation, for a judgment declaring void certain taxation by the defendants of lands in the Cattaraugus Indian Reservation, directing recovery of certain taxes heretofore paid thereon, and restraining further taxation of said lands. Issue was joined by the filing of answers on April 14, 1939. This is a motion for summary judgment under Section 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The material undisputed facts are substantially these. On November 27, 1899, Charles Dennis, one of the Seneca Nation of Indians, executed a lease of certain lands situate in the County of Erie, New York, being a part of the Cattaraugus Indian Reservation and including the particular parcel of lands in question in this suit, to the Erie Preserving Company, a corporation; in November, 1899, the Council of the Seneca Nation of Indians confirmed said lease, and an Act of Congress, approved February 27, 1901, 31 Stat. 816, purports to approve it. Among other things, it provided that it would become "null and void" in case the lessee failed to erect and have in operation in the year 1900 the factory proposed in said lease to be erected. The factory aforesaid was not erected until 1901 or 1902. Both the complaint and the answer, set up the execution of the lease aforesaid, but there has been submitted on this motion, though it has not been made a part of any of the moving affidavits, a copy of the lease purported to have been executed September 11, 1901, between said Charles Dennis and the said Erie Preserving Company, covering the same premises described in the lease aforesaid and reciting that it was made as an "extension and a renewal of a certain contract made between the parties on November 27, 1899." It was never approved by the Council or Congress. Both leases provided that the lessee might erect upon the premises leased, aside from its manufacturing plant, "such houses as shall be necessary and convenient for the foreman, watchman and laborers employed therein." Both leases were for the period of 99 years and are purported to expire on November 18, 1998.

It is alleged in the answers that the Erie Preserving Company, and its successor, have continued in possession and occupancy of all the premises described in the lease to the present time. But it is also alleged that a certain dwelling occupied by George A. Jemison and on said premises was and is occupied by him and his family as lessees of the Erie Preserving Company, or its successors.

About 1910 George A. Jemison (Jimerson) went into the occupancy of a dwelling house, erected by the Erie Preserving Company, or its successors, and was in occupancy thereof at the time of his death in 1937. Since his death his family, members of the Seneca Nation of Indians, have occupied the same dwelling. He paid the taxes assessed against him from 1910 to 1931, inclusive. None have been paid since. Neither the complaint nor the moving affidavits recite or show any right of occupancy in Jemison or his family other than the statement that the property occupied by him is not liable to assessment, because it is part of the lands of the Seneca Indians. When the dwelling was built does not appear. Assumedly it was prior to 1920 for it appears from a purported copy of the tax roll of the Town of Brant, for the year 1920, that this property, either the house and real estate or both, were assessed at $750.

From 1920 to 1926, inclusive, the assessment roll reads:

| "Name of Owner | Acres | Full Value of Such Real Property | Taxable Value within District |
|---|---|---|---|
| Jimerson Geo | house | 750 | 750 " |

From 1927 to 1939 (except 1938), inclusive, the assessment roll reads:

| "Name of Owner | Character of Property | Full Value of Real Property including buildings thereon |
|---|---|---|
| Jimerson Geo | residence | 1000 " |

The county tax assessment roll for 1938 reads:

| "Owner | Street | Acres | Full Value of Real Property |
|---|---|---|---|
| Jimerson George | Erie Road | 1/4 | $1000 " |

The County Tax Pamphlet shows the same premises advertised to be sold November 28, 1938, for the non-payment of the 1938 tax. They were sold and bid in by the County of Erie. The only assessment roll which shows the specific amount of land is that of 1938, to which reference has been made.

It is the claim of the government that the assessments aforesaid are against lands of the Cattaraugus Reservation. The lands of the Cattaraugus Reservation are tribal lands of the Seneca Nation of Indians. Each tribal member has an undivided interest in the Reservation of which he is a member. No individual owns any particular part. United States v. Boylan, 2 Cir., 265 F. 165; United States v. City of Salamanca, D.C., 27 F.Supp. 541. It is not contended that Dennis had any allotment of title in severalty nor could such an allotment be made. Section 339, U.S.Code, Title 25 (Indians), 25 U.S.C.A. § 339. Individual members, however, occupy particular parcels, and assumedly it was a particular parcel occupied by Dennis which it is claimed was leased. It is the claim of the government that assessments in the form laid were in effect assessments against the land and the dwelling thereon; that the dwelling and land could not be separated in the assessment. It is the contention of the defendants that the assessment is not laid against the land but against the dwelling only; that Jemison occupied the dwelling as tenant of the sublessee of the lessees of Dennis.

Another claim of the government is that there never was any valid lease from Dennis. It is true that a condition of the original lease was not fulfilled within the time required therein. It seems to me that the effect of the failure to perform the condition was waived by the approval by Congress of the first lease after the time to perform the condition had expired, by the subsequent execution of a so-called renewal and the performance of the condition within the time fixed in the renewal, and further by the long period of occupancy by the purported lessee. Of course, it is understood we are dealing with the question of the effect of a lease executed by an Indian, rather than a white person, but under all the circumstances, it seems that the lease should be held to be valid. 66 C.J. Sections 259, p. 698; 376, p. 980, and many cases there cited. Though the question here presented was not involved in Horton v. Erie Preserving Co., 90 App.Div. 255, 85 N.Y.S. 503, affirmed 181 N.Y. 535, 73 N.E. 1125, that case treated the lease as a valid one. It is to be noted that the opinion in that case states that the condition was met in 1901 while the affidavits herein recite that it was not until 1902.

It is the claim of the defendants that the assessment is laid as against the building and not against the real estate. An assessment could legally be made against one as the owner of the fee and against another as the owner of a building thereon. People ex rel v. Cassity, 46 N.Y. 46; Smith v. New York, 68 N.Y. 552; People ex rel v. Commissioners, 80 N.Y. 573. Admittedly the building in question from the nature of its attachment to the land was real property. Since there was no provision in the lease that the lessee might remove buildings erected by it, the lessee herein had no right to remove the building in question. People ex rel. Hudson River Day Line v. Franck, 257 N.Y. 69, 177 N.E. 312; People ex rel. International Nav. Co. v. Barker, 153 N.Y. 98, 47 N.E. 46.

No tax may be levied against the interest of the Seneca Nation in reservation lands. United States v. City of Salamanca, D.C., 27 F.Supp. 541. However, different estates may exist in the same property at one time. Here, title was in the Seneca Nation. The right to possession under a long term lease lay in the preserving company, its assignees and sublessees. Property held under a long term lease or a lease in perpetuity is taxable to the lessee. Elmira v. Dunn, 22 Barb. 402; Washington Market Co. v. District of Columbia, 4 Mackey 416, 15 D.C. 416. In J. W. Perry Co. v. Norfolk, 220 U.S. 472, 31 S.Ct. 465, 467, 55 L.Ed. 548, the Supreme Court adopted from Wells v. Savannah, 87 Ga. 397, 13 S.E. 442, the following statement of the reason for the rule: "The value of property consists in its use, and he who owns the use forever, though it be on condition subsequent, is the true owner of the property for the time being." Under Section 30 of the Real Property Law of New York, Consol.Laws, N.Y. c. 50, an estate for years is an estate in real property, which under Section 708 et seq. of the Civil Practice Act, if the lessee is possessed of at least five years unexpired term of the lease, is subject to levy and sale under execution as real estate.

The leasehold estate of the preserving company was the property upon which the taxes in question were levied. In this estate the Seneca Nation has no interest and no right to protect against taxes levied thereon. The assignees of the lease are primarily liable for the tax. As be-

tween them and their sublessees the payment thereof is a matter subject to their agreement. At any rate it need not be determined here.

 In the absence of any showing that the lease has been cancelled or extinguished and that Jemison holds by virtue of tribal rights, it must be assumed that he holds as a sublessee under the lease from Dennis. The taxing bodies make no claim that Jemison is personally responsible for the taxes levied inasmuch as there is no claim that he is the owner of the long term lease.

The plaintiff claims that the tax is levied against the land, that it is the title to the land which is sold and that such sale must be an interference with the title of the Seneca Nation. However, the taxing body can sell no greater interest than was held by the taxpayer. Baltimore Shipbuilding & Dry Dock Co. v. Baltimore, 195 U.S. 375, 25 S.Ct. 50, 49 L.Ed. 242; Tax Lien Co. v. Schultze, 213 N.Y. 9, 106 N.E. 751, L.R.A.1915D, 1115, Ann.Cas.1916C, 636; Poetzsch v. Mayer, 115 Misc. 422, 189 N.Y.S. 695. Although it may purport to convey a greater title, such conveyance is ineffective to that extent. The taxing body has no power to interfere with the tribal title. Its conveyance under the tax sale can convey only the leasehold estate upon which the tax was levied.

For the reasons assigned, summary judgment is granted dismissing the complaint.

Findings may be submitted in accordance with this decision.