### UNITED STATES v. CITY OF SALAMANCA.
### No. 2254.

District Court, W. D. New York.

Dec. 7, 1939.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., C. C. Daniels, Sp. Asst. to Atty. Gen., and Aubrey Lawrence, Sp. Asst. to Atty. Gen., for plaintiff.

George H. Ansley, of Salamanca, N. Y., for defendant.

KNIGHT, District Judge.

The facts in this action have been stipulated by the parties. Those constituting the background of this action were adequately stated upon the motion to dismiss the complaint. D.C., 27 F.Supp. 541. Fidelia Pierce, a member of the Seneca Nation of Indians, owned lands including those in question. Leona Kenjockety, daughter of Fidelia Pierce, is also a member of the Seneca Nation of Indians. Prior to 1927, Leona Kenjockety occupied a portion of the premises in question under conveyance from her mother, Fidelia Pierce. Shortly before 1927, Fidelia Pierce died intestate, leaving as her only heirs Elmer Pierce and Leona Kenjockety. Descent of property, by tribal custom, is through the mother. Subsequently, Elmer Pierce and Edna, his wife, conveyed their interest in the premises to Leona Kenjockety. In 1874, Willet Pierce and Fidelia Pierce had leased lands, including those in question to certain white persons. These leases expired by Act of Congress in 1880, at which time Fidelia Pierce applied to the Seneca Nation for a lease of the land and such lease for the term of 12 years was executed by the Seneca Nation. In

1892 a lease of such lands was executed by the Seneca Nation to Fidelia Pierce to run for 99 years. Leona Kenjockety now occupies, uses and enjoys the premises. The City of Salamanca levied taxes thereon in the years 1929, 1930, 1931 and 1932, and in default of payment advertised the premises for sale, and sold same to the City of Salamanca. On or about January 4, 1932, the Comptroller of the City of Salamanca purported to convey the premises to the City of Salamanca by tax deed. The purpose of this action is to set aside the purported deed and enjoin further taxation of the property.

It is admitted by both parties that tribal lands are not taxable. However, the City contends that under Sections 30, 31 and 33 of the Real Property Law of New York State Consol.Laws. N.Y. c. 50, and under Section 71 of the Indian Law of New York State, Consol.Laws N.Y. c. 26, enacted by the authority of Act of Congress of 1875, 18 Stat. 330, 331, lands held under lease from the Seneca Nation shall be considered a freehold estate. In United States v. County of Erie, D.C., 31 F.Supp. 57, decided November 21, 1939, this court held that such a leasehold is taxable when held by a white person. The present issue raises the question whether it is taxable when held by an Indian who is a member of the tribe.

Assuming, without deciding, that Leona Kenjockety holds the property solely by virtue of a lease, I find no reason for holding such a leasehold taxable. The act of 1875 specifically exempts the Indian and Indian property from taxation. When such a leasehold is in the hands of an Indian, it is Indian property just as is a title descendible under tribal custom. To allow taxation merely because the Indian holds by lease from the tribe rather than by tribal custom would be an evasion of the protection intended to be thrown around the Indian and an invasion of his treaty and statutory rights.

There is another reason why the taxation of this property can not be sustained. It is my opinion that any interest acquired through the leases merged into the title held by descent according to custom. Such interest was not taxable.

Judgment is granted in favor of the plaintiff declaring void the levy of taxes, declaring void the purported deed of the premises to the City of Salamanca and cancelling it of record, and enjoining further taxation of the property or of Leona Kenjockety as a member of the Seneca Nation of Indians.

Findings of fact and conclusions of law may be submitted, and when signed by the Court shall be deemed to be a part of this opinion, all as provided by the Rules of the Court.