■ CITY OF SALAMANCA et al., Respondents, v COUNTY OF CATTARAUGUS, Appellant. [667 NYS2d 520] —Judgment unanimously reversed on the law without costs, motion denied and judgment granted in favor of defendant. Memorandum: Supreme Court erred in granting the motion of plaintiffs for summary judgment declaring that, since February 19, 1991, Indian Law § 71 does not authorize defendant, County of Cattaraugus (County), to tax leaseholds on the Allegany Reservation of the Seneca Nation of Indians (Allegany Reservation) because the authority to tax conferred by that section is "explicitly and exclusively dependent upon the act of Congress

approved February 19, 1875, which terminated February 19, 1991."

Preliminarily, we reject the contentions that plaintiff City of Salamanca (City) lacks standing to sue (*see, Board of Educ. v Allen*, 20 NY2d 109, *affd* 392 US 236) and that plaintiffs are barred by laches from bringing this action, which seeks a declaration concerning the current taxable status of leaseholds on the Allegany Reservation.

In 1875, Congress authorized the preparation of surveys of the boundaries of certain villages, including Salamanca, within the Allegany Reservation, ratified the validity of existing leases and authorized the renewal of those leases, authorized councillors of the Seneca Nation of Indians to lease reservation lands not rightfully possessed by Indians and, *inter alia*, provided that "all municipal laws and regulations of said State may extend over and be in force within said villages" with the proviso that "nothing in this section shall be construed to authorize the taxation of any Indian, or the property of any Indian not a citizen of the United States" (18 US Stat 330, 331 [hereinafter Act of 1875]). In 1881, the New York Legislature enacted chapter 188 of the Laws of 1881 (now Indian Law § 71), which extended the general laws of the State over the six villages mentioned in the Act of 1875 and provided that "[l]and situate in said villages, held by or under lease from the Seneca Nation of Indians and which the holders are entitled to have renewed at the expiration thereof by virtue of said act of congress are and shall be for all purposes considered a freehold estate" (L 1881, ch 188, § 3), thereby allowing for taxation of those leaseholds (*see, People ex rel. Thompson v McComber*, 24 NY St Rep 902, 903; *United States v Erie County*, 31 F Supp 57, 59; 1 Opns Counsel SBEA No. 84; 9 Opns Counsel SBEA No. 108). Most of the land presently constituting the City of Salamanca is within the Allegany Reservation and within the boundaries of former villages mentioned in the Act of 1875. All of the leaseholds at issue involve land originally leased by virtue of the Act of 1875 and currently leased by non-Indian residents and entities.

The City contends that, because the authority to lease or renew leases that was conferred by the Act of 1875 expired on February 19, 1991, Indian Law § 71 no longer authorizes the taxation of land on the Allegany Reservation leased to non-Indians. We disagree. Neither the Act of 1875 nor Indian Law § 71 requires that leases continue to be renewable by virtue of the Act as a condition precedent to taxation. Indian Law § 71 merely describes those lands deemed to be freehold estates and

subject to taxation. The subject lands are presently leased pursuant to Federal law (see, Pub L 101-503, 104 US Stat 1292), and the recent amendment of Indian Law § 71 (L 1997, ch 611), which removes reference to the Act of 1875 in describing those lands deemed to be freehold estates, confirms that the Legislature did not intend the renewability of leases under the Act of 1875 to be a precondition to taxation. Thus, we reverse the judgment and grant judgment in favor of the County, declaring that lands on the Allegany Reservation leased to non-Indians are subject to taxation by the County pursuant to Indian Law § 71. (Appeal from Judgment of Supreme Court, Cattaraugus County, Feeman, Jr., J.—Declaratory Judgment.) Present—Denman, P. J., Lawton, Hayes, Balio and Boehm, JJ.