## BALTIMORE SHIPBUILDING AND DRY DOCK COMPANY *v.* BALTIMORE.

**ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.**

No. 39. Argued November 2, 3, 1904.—Decided November 28, 1904.

A State may tax different estates in land to the different parties thereto and sell only the interest of the party making default.

A State may tax the interest of a company owning a dry dock in land conveyed to it by the United States notwithstanding there is a condition subsequent the nonfulfillment whereof would result in forfeiture and reversion to the United States and the United States has a continuing right to use the dry dock for certain purposes.

THE facts are stated in the opinion.

*Mr. E. P. Keech, Jr.,* and *Mr. Leon E. Greenbaum,* with whom *Mr. Archibald H. Taylor* was on the brief, for plaintiff in error:

Congress authorized the conveyance of the property to the Dry Dock Company on several conditions, and upon the happening of any one of the contingencies the property, with all its privileges and appurtenances, will revert to and become the property of the United States. Any possible right of state taxation would thereby be destroyed. For a description of such an estate and incidents see *Nor. Pac. R. R. Co. v. Townsend,* 190 U. S. 267.

While these interests or estates of the United States and of plaintiff in error are not "property" in the sense of things material, as land itself or a horse is, they are "property" according to the more usual legal meaning of "a right or interest which a man has in lands and chattels to the exclusion of others." Austin's Jurisprudence (Campbell's notes), vol. 2, § 1051; Bouvier's Law Dict. (1897), "Property," vol. 2, 780; Anderson's Law Dict. (1889), "Property," 835.

All "property" is not of necessity taxed by the State of Maryland. The provision of Art. I, § 15, Declaration of Rights, is not violated by certain express exemptions. *Buchanan* v. *County Commissioners*, 47 Maryland, 286.

Certain classes of "property" and rights, highly valuable in themselves, are not the subject of taxation at all. *Baltimore City* v. *Johnson*, 96 Maryland, 737, 746; *Balto. &c. Turnpike Co.* v. *The Appeal Tax Court*, Balto. Daily Rec., May 7, 1903.

A State has no power to tax the property of the United States, including land in which the United States has an interest or estate. Maryland Code of Public General Laws, Title, "Revenue and Taxes," sub-title, "Exemptions," art. 81, § 4 (as amended by act of 1897, Ch. 120).

This is but legislative recognition of a fundamental doctrine of our law. Black on Tax Titles, 1893, § 35; Cooley on Taxation, 3d ed., 135; *Howell* v. *State*, 3 Gill. 14; *McCulloch* v. *Maryland*, 4 Wheaton, 316; *Van Brocklin* v. *Tennessee*, 117 U. S. 151; *Wis. Cent. R. R. Co.* v. *Price Co.*, 133 U. S. 496. So as to any land in which the United States has any interest. *Carroll* v. *Safford*, 3 How. 441; *Witherspoon* v. *Duncan*, 4 Wall. 210.

Land of the United States lying within a State is not taxable by the State. If such land has been bought or taken up by an individual, it is not subject to state taxation, so long as something remains to be done by the individual to perfect his right to a patent from the United States. *Kansas Pac. Ry. Co.* v. *Prescott*, 16 Wall. 603; *Union Pac. R. R. Co.* v. *McShane*, 22 Wall. 444; *Tucker* v. *Ferguson*, 22 Wall. 527; *Forbes* v. *Gracey*, 94 U. S. 762; *Colorado Co.* v. *Commissioners*, 95 U. S. 589; *Northern Pac. Ry. Co.* v. *Traill Co.*, 115 U. S. 600; *Hussman* v. *Durham*, 165 U. S. 147.

The assessment in this case is laid upon the land, as such, and not upon the interest of the plaintiff in error therein.

Such an assessment, *i. e.*, upon the land itself, without regard to the various estates of those having interests in it—is

the only form of assessment for which provision is made by the statutes of the State of Maryland. §§ 145, 164, art. 4, Code of Public Laws, amended by Baltimore City Charter, Ch. 123, acts of 1898.

The Dry Dock Company's property is assessed, and the resultant taxes are levied against and constitute a lien upon it, and the payment of them is enforceable, if by no other means, through a sale of the property, the *res* itself. Cooley on Taxation, 3d ed., 721 *et seq.; Baltimore* v. *Canton Company,* 63 Maryland, 218, 234; *Mayor* v. *Boyd,* 64 Maryland, 10; *Cooper* v. *Holmes,* 71 Maryland, 20, 30. As to this feature see §§ 43–48, Baltimore City Charter.

The provision of § 48 is that after the conditions of the sale have been complied with and the required formalities observed, "the purchaser shall have a good title to the property sold."

A purchaser at a tax sale in Baltimore city, has the right to demand, and, *e converso,* the city collector may offer for sale only, a fee simple title to the land levied upon, free from conflicting rights, claims, interests and estates of other parties, and free from all incumbrances, liens and conditions. *Cooper* v. *Holmes,* 71 Maryland, 20; Cooley on Taxation, 3d ed., 960; Black on Tax Titles (1893), §§ 419, 422; Burroughs on Taxation (1877), 346; *Textor* v. *Shipley,* 86 Maryland, 424, 438; *Northern Pacific R. R. Co.* v. *Traill Co.,* 115 U. S. 600; *Heffner* v. *N. W. Mut. Life Ins. Co.,* 123 U. S. 747; *Emery* v. *Boston Terminal Co.,* 178 Massachusetts, 172.

If the assessment can only be made on the land and not on the several estates therein this assessment is but a step in the attempted taxation of property of the United States and is necessarily void. *Moriarty* v. *Boone County,* 39 Iowa, 634.

A State may not tax the interest of a private party in lands in which the United States also have an interest, without the consent of the United States. *Kansas Pac. Ry. Co.* v. *Prescott,* 16 Wall. 603; *Union Pac. R. R. Co.* v. *McShane,* 22 Wall. 444; *Wisconsin Cent. Ry. Co.* v. *Price Co.,* 64 Wisconsin, 579;

*Wisconsin Cent. Ry. Co.* v. *Taylor Co.,* 52 Wisconsin, 37. And see 22 Wall. 571; 24 Stat. 143; *Cent. Pac. R. R. Co.* v. *Nevada,* 162 U. S. 512; *Northern Pac. Ry. Co.* v. *Myers,* 172 U. S. 589; Cooley on Taxation, 3d ed., 137.

The land with the dry dock on it is a Federal agency, actually used by the United States, in the exercise of its Constitutional powers, and hence is not subject to state taxation. *McCulloch* v. *Maryland,* 4 Wheaton, 316, 436; Cooley's Const. Lim., 7th ed., 45, 678; Cooley on Taxation, 3d ed., 129; Black on Tax Titles, 1893, § 5; cases cited *supra* and *Grand Trunk R. R. Co.* v. *Richardson,* 91 U. S. 454, 468; *Northern Pac. Ry. Co.* v. *Smith,* 171 U. S. 261, 275; *Osborn* v. *Bank,* 9 Wheat. 867; *Thompson* v. *Union Pac. R. R. Co.,* 9 Wall. 579; *Union Pac. R. R. Co.* v. *Peniston,* 18 Wall. 5, distinguished.

The tract, of which the land is a part, was acquired by the United States from its owners with the express and unconditional consent of the State, and Congress is vested with exclusive legislative jurisdiction over it, and the State has no legislative or other power over it, except as expressly permitted by Congress. *United States* v. *Cornell,* 2 Mason, 60; *Commonwealth* v. *Glary,* 8 Massachusetts, 72; *Fort Leavenworth R. R. Co.* v. *Lowe,* 114 U. S. 525; *Railroad Co.* v. *McGlenn,* 114 U. S. 542; *Bannon* v. *Burns,* 30 Fed. Rep. 892; *Martin* v. *House,* 39 Fed. Rep. 694.

Where the State's consent has been given upon condition, and in certain cases falling under acts of Congress, conferring special jurisdiction on the States, a limitation of the rule has been permitted. See Acts of March 5, 1795, Rev. Stat. § 4662; Act of March 5, 1903, 32 Stat. 1220; and see also *Chauvenet* v. *Commissioners,* 3 Maryland, 259.

*Mr. Edgar Allan Poe,* with whom *Mr. W. Cabell Bruce* was on the brief, for defendants in error:

The interest of the Dock Company in the land and dry dock is not exempt from assessment because under § 2 of the act of Congress there is a possibility that said land and dry dock

may revert to, and become the absolute property of, the
United States. It is simply the conditional interest or estate
of the plaintiff in error in the land and dry dock which is
assessed and taxed. If it should ever become necessary for
the State or city to sell the property for the non-payment of
taxes, nothing more could be sold than its conditional estate
in the land and the permanent improvements thereon, subject
to all of the rights of the United States therein. In Maryland
taxes are not levied on things, but on the owner of things; the
value of the things owned merely fixing the measure of the
owner's liability to contribute in taxes towards the support
of the government. *Monticello Co.* v. *Baltimore,* 90 Mary-
land, 425; *Carstairs* v. *Cochran,* 95 Maryland, 500; see art. 50,
Baltimore City Code; *Mayor* v. *Whittington,* 78 Maryland,
232. The decision of the state court is binding on this court.
*Carstairs* v. *Cochran,* 193 U. S. 10; *Northern Pac. Co.* v. *Town-
send,* 190 U. S. 270.

The property has a situs within the territorial limits of
Baltimore, and plaintiff in error has been in full possession
and enjoyment of said property for over twenty-five years,
under a legal title, during that entire period, falling within the
definition of a "base fee," or a fee simple title defeasible upon
a condition subsequent. As such owner, its interest in said
property has been assessed for taxes. No attempt has been
made to assess or to tax the contingent interest of the United
States Government. The act of Congress in question, and the
deed executed by the Secretary of War in pursuance of said
act, made no attempt to exempt from taxation the interest
acquired by the dock company, and, by the imposition of the
tax, there manifestly has been no impairment of the efficiency
of the grant or the use and enjoyment of the property by the
grantee. *Union Pacific R. R.* v. *Peniston,* 18 Wall. 5.

Plaintiff in error being in possession and full enjoyment of
very valuable property, some cogent reason must be shown
by it why its said property should not bear its fair proportion
of taxation for the benefit of the state and city governments.

It seeks to find this reason in the decisions of this court, in what are known as the "*Land Grant*" cases, to wit: *Kansas Pac. R. R. Co.* v. *Prescott,* 16 Wall. 603; *Union Pac. R. R. Co.* v. *McShane,* 22 Wall. 444; *Northern Pac. R. R. Co.* v. *Traill County,* 115 U. S. 600. But see *Northern Pac. Ry. Co.* v. *Myers,* 172 U. S. 598; *Union Pac. R. R. Co.* v. *Nevada,* 162 U. S. 512; *Wisconsin Cent. R. R. Co.* v. *Price Co.,* 133 U. S. 496.

Nor is the dock company's interest in the property exempt from taxation because the United States may use the dock for the examination and repair of its vessels free of charge. *Thompson* v. *Union Pac. Ry. Co.,* 9 Wall. 590.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to the Court of Appeals of the State of Maryland, brought to reverse a judgment sustaining a tax upon certain land. The plaintiff in error filed a petition and appeal from an assessment by the appeal tax court of Baltimore in the Baltimore City Court, alleging that its land was not subject to taxation, and, if subject, was taxed too high. The City Court reduced the tax but held the land liable, and its judgment was affirmed by the Court of Appeals. 97 Maryland, 97. The land in question formerly belonged to the United States, being part of the property known as Fort McHenry, and is admitted not to have been taxable at that time. Under an act of Congress of June 19, 1878, 20 Stat. 167, it was conveyed to the plaintiff in error on March 26, 1879. By the terms of the deed, following the requirements of the act, the consideration of the conveyance and the condition upon which it was made was that the Dock Company should construct a dry dock upon the land as specified, which it did; and that it should "accord to the United States the right to the use forever of the said dry dock at any time for the prompt examination and repair of vessels belonging to the United States free from charge for docking and that if at any time the property hereby conveyed shall be diverted to any other use

than that herein named or if the said dry dock shall be at any time unfit for use for a period of six months or more, the property hereby conveyed with all its privileges and appurtenances shall revert to and become the absolute property of the United States." This condition is relied upon as still keeping the land outside the taxing power of the State.

It is argued that the United States has such an interest in the land as to prevent the tax, and also that the land is an agency of the Government by the terms of the grant. It is noted that this tax originally was levied upon the land, not upon the Dock Company's interest, and although the language of the final judgment was "the property concerned in the appeal in this case" that is supposed to mean the same thing.

We will deal with the argument drawn from the last consideration first. It is true that commonly taxes on land create a lien paramount to all interests, and that a tax sale often has been said to extinguish all titles and to start a new one. *Heffner* v. *Northwestern Life Ins. Co.*, 123 U. S. 747, 751; *Textor* v. *Shipley*, 86 Maryland, 424, 438; *Emery* v. *Boston Terminal Co.*, 178 Massachusetts, 172, 184. Perhaps it was assumed that this always was the effect of tax sales in *Northern Pacific Railroad* v. *Traill Co.*, 115 U. S. 600. But it needs no argument to show that a State may do less. It may tax a life estate to one and a remainder to another, and sell only the interest of the party making default. With regard to what the State of Maryland has done and what are the purport and attempted effect of the tax in this case, we follow the Court of Appeals. That court treated the tax and the lien as going only to the Dock Company's interest in the land, although probably by an oversight it neglected to modify the judgment according to its own suggestion so as to show the fact. That only the company's interest was taxed is shown by the reduction of the assessment on account of the condition. Of course it does not matter what form of words the judgment employs, when its meaning is thus declared by the court having the matter under its control.

In the next place, as to the interest of the United States in the land. This is a mere condition subsequent. There is no easement or present right *in rem*. The obligation to keep up the dock and to allow the United States to use it carries active duties and is purely personal. The property is subject to forfeiture, it is true, if the obligation is not fulfilled. But it is only by forfeiture that the rights of the United States can be enforced against the *res*. It would be a very harsh doctrine that would deny the right of the States to tax lands because of a mere possibility that they might lapse to the United States. The contrary is the law. The condition cannot be extinguished by the State, but the fee is in the Dock Company, and that can be taxed and, if necessary, sold, subject to the condition. See *Northern Pacific Ry.* v. *Myers*, 172 U. S. 589, 598; *Maish* v. *Arizona*, 164 U. S. 599, 607–609; *Central Pacific R. R.* v. *Nevada*, 182 U. S. 512, 525. The title of the Dock Company was not inalienable, as that of the railroad was held to be in *Northern Pacific Ry.* v. *Townsend*, 190 U. S. 267.

Finally, we are of opinion that the land is not exempt as an agency of the United States. The Dock Company disclaimed that position for itself as a corporation, but asserts it for the land. The position is answered technically, perhaps, by what we have said already. The United States has no present right to the land but merely a personal claim against the corporation, reinforced by a condition. But, furthermore, it seems to us extravagant to say that an independent private corporation for gain, created by a State, is exempt from state taxation, either in its corporate person, or its property, because it is employed by the United States, even if the work for which it is employed is important and takes much of its time. *Thomson* v. *Pacific Railroad*, 9 Wall. 579; *Railroad Company* v. *Peniston*, 18 Wall. 5.

*Judgment affirmed.*