## UNITED STATES v. MOSES, Sheriff.

(Circuit Court of Appeals, Eighth Circuit. February 16, 1911.)

No. 3,399.

1. TAXATION (§ 5*)—PROPERTY SUBJECT—EXEMPTION—PROPERTY IN POSSESSION OF GOVERNMENT.

Property of a contractor with the United States government, which, on the default of the contractor, an officer has taken for use in completing the contract, is not exempt from taxation, in the absence of an act of Congress to that effect; the government having no ownership therein.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 5.*]

2. COURTS (§ 489*)—PROCESS OF STATE COURT—PROPERTY OF UNITED STATES.

Where, on default of a government contractor, a United States officer took the contractor's machinery and materials to complete the work, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after its completion retained the same, claiming it as against the amount alleged to be due by the contractor for breach of the contract, the United States has no property interest therein, and it is subject to seizure under process of the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1336; Dec. Dig. § 489.*]

In Error to the Circuit Court of the United States for the District of South Dakota.

Action by the United States against William Moses, as Sheriff of Butte County, S. D. From a judgment for defendant, plaintiff brings error. Affirmed.

Edward E. Wagner, U. S. Atty.

J. M. Armstrong, Deputy State's Atty. (J. W. Raish, State's Atty., on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. On the 26th day of April, 1905, a contract was entered into by the Secretary of the Interior for and on behalf of the United States, as one party, and the Widell-Finley Company (a corporation), as the other, whereby the Widell-Finley Company contracted to do certain work for the United States in the construction of an irrigation canal project at Belle Fourche, S. D. One of the provisions of the contract, and the only one applicable for consideration in this case, was in part as follows:

"Should the contractor fail to begin the work within the time required, or fail to begin the delivery of material as provided in the contract, or fail to prosecute the work or delivery in such manner as to insure a full compliance with the contract within the time limit, or should any question arise as to whether or not the contractor is properly carrying out the provisions of his contract in their true intent and meaning, at any time during the progress of the work, notice thereof in writing shall be served upon him, and upon his neglect or refusal to provide means for a more energetic and satisfactory compliance with the contract within the time specified in such notice, then and in either case the Secretary of the Interior shall have the power to suspend the operation of the contract, and he may take possession of all machinery, tools, appliances, and animals employed on any of the works to be constructed under the contract and of all materials belonging to the contractor delivered on the ground, and may use the same to complete the work, or he may employ other parties to carry the contract to completion, substitute other machinery or materials, purchase the material contracted for in such manner as he may deem proper, or hire such force and buy such machinery, tools, appliances, materials, and animals at the contractor's expense as may be necessary for the proper conduct of the work and for finishing it in the time agreed upon. Any excess of costs arising therefrom over and above the contract price will be charged against the contractor and his sureties, who shall be liable therefor. The failure to order improvement of methods or increase of force, plant, or efficiencies will not relieve the contractor from his obligation to perform good work or finish in the time agreed upon."

On the 6th day of March, 1906, the United States officer in charge of the work took the property involved in this action, belonging to said the Widell-Finley Company, pursuant to the provisions of the contract above quoted, and used the same on the work covered by said

contract and required to be done by said the Widell-Finley Company, and completed said work on August 31, 1907. In the meantime the property of the Widell-Finley Company was duly and regularly assessed for taxation by the proper local authorities. Upon the completion August 31, 1907, of the work required to be done by the Widell-Finley Company, the company was indebted to the United States as claimed in the sum of $45,000 for the breach of said contract, and the officer of the United States in charge of said work retained and held all of the property received from the said the Widell-Finley Company as aforesaid and used the same in the further construction of the work, claiming the right to do so as an offset to the amount alleged to be due by the said the Widell-Finley Company to the United States as damages for the breach of said contract. In October, 1907, the defendant William Moses, sheriff of the county, under a process duly issued for the collection of the personal taxes against said the Widell-Finley Company, levied upon and took the property involved in this controversy, consisting of horses, harnesses, etc., to satisfy such taxes, the property at the time of the seizure being in the possession of one Walter, engineer in charge of the Belle Fourche irrigation project. On the 26th of October, 1907, plaintiff instituted this action in replevin to recover said property. Upon the trial of the case the Circuit Court rendered judgment for the defendant, to review which plaintiff brings the action to this court.

Two propositions are presented for our consideration. They are stated by counsel for plaintiff in error as follows:

"(1) The property being lawfully in the possession of the United States and its officers, no action would lie on behalf of the state of South Dakota, or any of its officers, against the United States, or its officers, affecting the property or the right of the government to the possession thereof, or to test the government's right therein, and that the process of the state of South Dakota, whether emanating from a tribunal or from its executive officers, was no authority to the sheriff to take the property from the United States.

"(2) That the United States was in rightful possession of the property, and was claiming possession of the property as an offset to its claim against the Widell-Finley Company for damages resulting from the breach of its contract, and that it was an instrumentality of the United States employed in a lawful public function, authorized by an act of Congress when the taxes were levied and assessed, and it was therefore not subject to taxation by the taxing powers of the state."

The property in question, at the time of the assessment, was owned exclusively by the Widell-Finley Company. The government of the United States had no ownership therein, and the mere fact that the property was employed in the service of the government did not exempt it from taxation, in the absence of an act of Congress to that effect. Thomson v. U. P. Ry. Co., 9 Wall. 579, 19 L. Ed. 792; U. P. Ry. Co. v. Peniston, 18 Wall. 5, 21 L. Ed. 787; Baltimore Ship Bldg. Co. v. Baltimore, 195 U. S. 375, 25 Sup. Ct. 50, 49 L. Ed. 242.

It is true that property in the lawful possession of the United States, and in which the United States has a property interest, may not be seized by any process issued under the authority of the state. In this case, however, the United States had no property interest in the property in question. It had a right to the possession of said property under the terms of the contract before quoted until the work required

to be done by the Widell-Finley Company was completed and no longer. That work was completed, as stated, August 31, 1907. Its possession thereafter by Walter was for and on behalf of the Widell-Finley Company, and the mere fact that Walter was an officer of the United States, and claimed that his possession was for and on behalf of the United States, did not prevent its seizure by the sheriff as aforesaid. To render such seizure unlawful, it must appear that the officer had a legal right to hold and retain the possession of said property for and on behalf of the United States. A mere claim of right in the government is not sufficient. U. S. v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171, and cases cited; Tindal v. Wesley, 167 U. S. 204, 17 Sup. Ct. 770, 42 L. Ed. 137.

For these reasons the judgment is affirmed.