3 So.2d 582

### UNITED STATES et al. v. CURRY, Com'r of Revenue.

### 3 Div. 350.

Supreme Court of Alabama.

July 29, 1941.

Writ of Certiorari Granted Oct. 13, 1941. See 62 S.Ct. 118, 86 L.Ed. ——.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Berryman Green, Lee A. Jackson, and Benjamin M. Brodsky, Sp. Assts. to the Atty. Gen., and Thomas D. Samford, U. S. Atty., of Montgomery, for appellant United States.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellee.

LIVINGSTON, Justice.

The questions presented for decision in this case are substantially the same as those discussed and decided in the case of King & Boozer v. State of Alabama, ante, p. 557, 3 So.2d 572, the two cases having been argued and submitted together.

It results therefore that the decree of the lower court is reversed and rendered on

**570**

the authority of King & Boozer v. State of Alabama, ante, p. 557, 3 So.2d 572, this day decided.

Reversed and rendered.

GARDNER, C. J., and THOMAS, BOULDIN, and FOSTER, JJ., concur.

BROWN, J., dissents, being of the opinion the decree of the lower court should be affirmed.

KNIGHT, J., not sitting.

BROWN, Justice (dissenting).

The tax levy involved in this case, made by the State Department of Revenue, is not against the government or its instrumentalities, but against Dunn Construction Company, Inc., and John S. Hodgson and Company, independent contractors, operating for profit, under the provisions of Act No. 67, approved February 28, 1939, Acts 1939, pp. 96–109, Code 1940, Tit. 51, §§ 787–811, after the Act of Congress waiving exclusive jurisdiction over Camp McClellan, Anniston, Alabama, in respect to the levy and collection of these taxes, here in controversy.

To quote from the brief filed by the appellant: "The Dunn Construction Company, Inc., is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Alabama at Birmingham, Alabama, in which corporation the United States owns no interest. John S. Hodgson and Company is a partnership composed of John S. Hodgson and Alice J. Hodgson, both of the City of Birmingham, Alabama."

The said above named parties were under contract with the United States to construct certain buildings at Fort McClellan, and engaged in said contract, to furnish "all labor, *materials,* tools, machinery, equipment and facilities *and supplies* necessary for the completion of the work." (Italics supplied.)

The material, the use of which constitutes the basis of the levy, was purchased by said contractors at retail out of the State of Alabama, and shipped into the State for use by said contractors and was used in the performance of their contract with the United States, was paid for by said contractors on their own account, including the tax, and they made claim for a refund on the ground that the levy was in effect a levy of tax against the United States.

Said Act No. 67, in Section II thereof provides: "An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property purchased at retail on or after the effective date of this act, for storage, use or other consumption in this state at the rate of two per cent (2%) of the sales price of such property, except as provided in subsection (b) of this section." Acts 1939, p. 98, Code 1940, Tit. 51, § 788. See National Linen Service Corporation v. State Tax Commission, 237 Ala. 360, 186 So. 478; Durr Drug Co. v. Long, et al., 237 Ala. 689, 188 So. 873; Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823, 115 A.L.R. 944.

Section III, subsection (b), Code 1940, Tit. 51, § 789, exempts "property, the storage, use or other consumption of which this state is prohibited from taxing under the constitution or laws of the United States of America or under the constitution of this state."

As before stated, the levy is not against the government or its instrumentalities, but against said contractors operating for private profit, and the contract under which they are operating provides for reimbursement for the costs of the material including taxes for which said contractors are liable. If the United States is liable, its liability is contractual, and not by force of the statute.

I am therefore of opinion that the decree of the circuit court affirming the levy was free from error, and should be affirmed. I, therefore, respectfully dissent.