## CURRY, COMMISSIONER OF REVENUE OF ALABAMA, *v.* UNITED STATES ET AL.

No. 603. Argued October 24, 1941.—Decided November 10, 1941.

*Messrs. John W. Lapsley,* Assistant Attorney General of Alabama, and *Thomas S. Lawson,* Attorney General, with whom *Mr. J. Edward Thornton,* Assistant Attorney General, was on the brief, for petitioner.

*Assistant Solicitor General Fahy,* with whom *Assistant Attorney General Clark* and *Mr. Warner W. Gardner* were on the brief, for respondents.

*Messrs. Eugene Stanley,* Attorney General of Louisiana, and *Cicero C. Sessions* filed a brief on behalf of the State of Louisiana, as *amicus curiae,* urging reversal.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

This is a companion case to *Alabama* v. *King & Boozer, ante,* p. 1. It presents the question whether, by the cost-plus contract involved in the *King & Boozer* case, the contractors, who are respondents here, are immune from the use tax imposed by the Alabama statute, Act No. 67, General Acts of Alabama, 1939, because the materials, with respect to the use of which the tax was laid, were ordered by the contractors and used by them in the performance of their contract with the Government.

Section II of the taxing act provides: "(a) An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property purchased at retail . . . for storage, use or other consumption in this state at the rate of two per cent (2%) of the sales price of such property, . . . (b) . . . Every person storing, using or otherwise consuming in this State tangible personal property purchased at retail shall be liable for the tax imposed by this act . . ." Section III exempts from the operation of the statute the storage, use or other consumption of property, the sale of which is taxed by other provisions of the statutes, and the storage, use or consumption of property, taxation of which is prohibited by the Constitution or laws of the United States.

Petitioner, Commissioner of Revenue for the State, assessed and collected from the contractors a tax on their use or consumption, within the state, of a quantity of roofing which they purchased outside the state and caused to be shipped to the camp-site within the state, where they used it in the performance of their construction contract with the Government. The present suit was brought by the United States and the contractors in the state circuit court against petitioner, individually and as Commissioner, for a declaratory judgment determining the tax

liability of the contractors and for a decree ordering refund of the tax paid by the contractors. The lawfulness of the tax was challenged specifically on the ground that the plaintiffs, respondents here, are exempt from the tax by the provisions of the state statute, and are immune from it, because the use and consumption of the roofing by the contractors as agents or instrumentalities of the United States is constitutionally immune from taxation.

The circuit court sustained the tax, declaring that it was laid upon the contractors by the statute and that they were not constitutionally immune from the tax because of their use of the purchased property in performance of their contract with the United States. The Supreme Court of Alabama reversed, 3 So. 2d 582, holding that the tax infringed the constitutional immunity of the United States, for reasons stated in its opinion in *King & Boozer* v. *Alabama,* 241 Ala. 557, 3 So. 2d 572. We granted certiorari, 314 U. S. 599, so that we might consider this with the *King & Boozer* case.

Since the Supreme Court of Alabama rested its decision on the constitutional ground and not upon the inapplicability of the taxing statute to the contractors, we assume for present purposes, as we take it the state court assumed, that the contractors are subject to the tax but for the asserted Government immunity, and that upon the correct interpretation of the Alabama statute they would have been subject to the tax if their cost-plus contract had been with a private individual. Cf. *Felt & Tarrant Co.* v. *Gallagher,* 306 U. S. 62; *Southern Pacific Co.* v. *Gallagher,* 306 U. S. 167; *Department of Treasury* v. *Wood Corp.,* 313 U. S. 62.

For the reasons stated at length in our opinion in the *King & Boozer* case, we think that the contractors, in purchasing and bringing the building material into the state and in appropriating it to their contract with the Government, were not agents or instrumentalities of the Gov-

ernment; and they are not relieved of the tax, to which they would otherwise be subject, by reason of the fact that they are Government contractors. If the state law lays the tax upon them rather than the individual with whom they enter into a cost-plus contract like the present one, then it affects the Government, like the individual, only as the economic burden is shifted to it through operation of the contract. As pointed out in the opinion in the *King & Boozer* case, by concession of the Government and on authority, the Constitution, without implementation by Congressional legislation, does not prohibit a tax upon Government contractors because its burden is passed on economically by the terms of the contract or otherwise as a part of the construction cost to the Government.

Upon the record as it comes to us, we are not called upon to determine whether the taxing statute is applicable to transactions of the contractors on the camp-site, a government reservation. We decide only the question passed upon by the Supreme Court of Alabama, that if the statute is applicable to, and taxes, the contractors upon a cost-plus contract like the present, if entered into with a private person, they are not immune from the tax when, as here, the contract is with the Government.

*Reversed.*

Mr. Justice Jackson took no part in the consideration or decision of this case.