

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

**GROVER SELLERS**

**ATTORNEY GENERAL**

July 28, 1944

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin 11, Texas

Dear Sir:

Opinion No. O-6080

Re: Liability of Sinclair Rubber, Inc. for tax upon motor fuels used by it in the performance of its contract with Rubber Reserve Company.

Your opinion request of June 23, 1944, reads as follows:

"I am enclosing copy of a contract entered into by and between the Rubber Reserve Company, a corporation created by the Reconstruction Finance Corporation, and the Sinclair Rubber, Incorporation, which was organized by or through the Sinclair Refining Company, at the request of Rubber Reserve Company, to enable it to manufacture butadiene (which product is used in the manufacture of synthetic rubber) for the account of the said Rubber Reserve Company. The plant near Houston, Texas, and all machinery, appurtenances, facilities and equipment used in connection therewith and the site upon which the plant is located is owned by the Defense Plant Corporation and has been leased to the Sinclair Rubber, Inc., for the foregoing purposes for a period of five years.

"The contract specifically provides that all persons managing and operating the plant or engaged in the performance of this contract by Sinclair Rubber Inc., shall be employed or retained by the contractor and shall not be employees of Reserve for any purpose whatsoever.

Honorable George H. Sheppard, page 2

"The Rubber Reserve Company agrees to furnish the Sinclair Rubber Inc., hereinafter referred to as contractor, with sufficient working capital to meet contractor's costs of operation and to pay all the costs of operation enumerated in the contract.

"The contract provides the contractor will perform its obligation without profit to itself and without suffering or incurring any loss. The title to any and all properties acquired or used in connection with the operation of the plant, the cost of which is paid by the Rubber Reserve, vests directly in the Rubber Reserve or Defense Plant Corporation, as the respective interests of each may appear. Amounts covering royalties in connection with the operation of the plant is included in the contractor's 'costs' not to exceed one-eighth of a cent ($0.125) per pound of butadiene produced for and delivered to the Rubber Reserve Company, or under certain conditions three-sixteenths of a cent per pound.

"The contractor is given authority in the contract to sell commercially, for the account of Rubber Reserve Company, certain by-products and residues which are acquired in processing the charging stocks into butadiene and it is given authority to sell commercially the finished butadiene not acceptable to Rubber Reserve Company. The proceeds collected from such sales shall be deducted from contractor's costs of operation.

"When the full operation of the plant is not required for the production of butadiene for Rubber Reserve Company, the Contractor may, with consent of Rubber Reserve Company, operate the plant for its own account and at its own cost and expense for the production of butadiene or otherwise during such periods.

"The Contractor, Sinclair Rubber, Inc., through its Attorneys, Baker, Botts, Andrews & Wharton, of Houston, has advised us that it is of the opinion that the agency connection of the Sinclair Rubber, Inc., with the Rubber Reserve Company and the Defense Plant Corporation,

Honorable George H. Sheppard, page 3

Federal instrumentalities, clearly exempts said
contractor from the Texas motor fuel use tax.

"An opinion from you or amplification of
your Opinions O-4389 and O-5309-A has been re-
quested. I am enclosing together with copy of
the contract, the correspondence with Baker,
Botts, Andrews and Wharton and respectfully re-
quest your opinion as to whether or not the
Sinclair Rubber, Inc., is subject to the use
tax upon motor fuel used by it upon the public
highways in the performance of its contract
with Rubber Reserve Company."

In our Opinions O-4389 and O-5309A, this department
ruled that certain cost-plus contractors engaged in the per-
formance of various functions for the federal government are
liable for the tax upon motor fuels used in connection with
such work. With but one exception, the terms of the con-
tracts involved in these opinions are virtually identical
with the terms of the contract between Sinclair Rubber, Inc.,
and the Rubber Reserve Company. Thus, in all of these con-
tracts, the title to supplies purchased by the contractors
vests in an agency of the federal government, but, subject
to an optional right on the part of such agency, the pur-
chases are made in the names of the contractors and the con-
tractors obligate only themselves in making such purchases.
Moreover, in all of these contracts, the persons employed by
the contractors are employees of the contractors rather than
of an agency of the federal government; and the work which
is performed by the contractors and the manner of its per-
formance are singularly free from any control exercised by
the federal government. The one significant difference be-
tween the instant contract and those previously considered
is that in the present situation the contractor performs the
work at no profit to himself, while in the prior contracts
the contractors received profits of various kinds. It re-
mains to be seen whether this difference suffices to exempt
Sinclair Rubber, Inc., from payment of the motor fuels tax.

In our prior opinions, the liability of the con-
tractors has been predicated upon the cases of Alabama v.
King & Boozer, 62 Sup. Ct. 43, 86 L. Ed. 1, Curry v. United
States, 62 Sup. Ct. 48, 86 L. Ed. 9, and James v. Dravo
Contracting Co., 58 Sup. Ct. 208, 82 L. Ed. 155. In none
of these cases has the Supreme Court mentioned the existence
of a profit as a reason for imposing liability upon a person

Honorable George H. Sheppard, page 4

who is performing a contract with the federal government. Rather, the determinative factor has been whether the contractor acts as an agent of the United States or as an independent contractor, and the decisions in these cases are to the effect that contractors of the type here under consideration are independent contractors rather than mere agents or servants. It is true that in all of these cases the contractors have received a profit for their labor; however, we feel that this factor in no way contributed to their status as independent contractors. We feel that it is a strange doctrine which would say that a person who performs certain work in a certain manner for profit is an independent contractor while another person who performs identical work in an identical manner but without profit is an agent or servant. Consequently, it is our opinion that the decisions in the above-cited cases control the instant situation and that Sinclair Rubber, Inc., is liable for the tax upon motor fuels used by it in the performance of its contract with Rubber Reserve Company.

Counsel for the taxpayer have suggested that these cases have been overruled by the recent decision of the Supreme Court in United States and Mesta Machine Company v. County of Allegheny, Pennsylvania, 88 L. Ed. 845. The entirely different fact situation in this case, coupled with the fact that the Supreme Court expressly distinguished the Mesta case from the cases above cited, persuades us that the Mesta case in no way touches or influences the question under consideration.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM/JCP

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN