### CAREY v. HILO FINANCE & THRIFT CO., Limited.

#### No. 11703.

United States Court of Appeals
Ninth Circuit.

Oct. 11, 1948.

Brahan Houston, of Honolulu, T. H., for appellant.

J. Russell Cades, of Honolulu, T. H. (Smith, Wild, Beebe & Cades, of Honolulu, T. H., and Carlsmith & Carlsmith, of Hilo, T. H.,) for appellee.

Before DENMAN, Chief Judge, and ORR, Circuit Judges, and BLACK, District Judge.

ORR, Circuit Judge.

Appellee is a corporation doing business as a money lender in the Territory of Hawaii, and is a duly licensed industrial loan and investment company under the laws of the Territory. Appellant is engaged in the

business of selling sewing machines on the installment plan and in order to properly conduct said business he has been required to borrow money at different times. Responsive to this necessity he approached the appellee with a request for a loan. Appellee accommodated him and took notes as evidence of the indebtedness. On each of the notes in suit appellee loaned appellant $2,330 for the term of 15 months. From this amount appellant deducted the amount of $330, as interest, in advance, it being less than one per cent per month for the entire period. The principal was to be returned in 15 equal monthly installments. One month after the execution of the first note the first installment became due and in order to meet the payment appellant made a second loan from appellee. Again, the sum of $2,330 was borrowed, interest was deducted in advance, and the amount due on the first installment of note No. 1, paid.

Similar transactions covering a period of several years, and the notes varying in amounts of principal and payments, were consummated previous to the notes in suit. These totaled 38 in number. In each instance interest was deducted in advance and installments due under the notes theretofore executed were paid in the main out of money received from notes subsequently given.

Appellee instituted suit in the Circuit Court of the Territory of Hawaii for collection of amounts alleged to be due on eight notes. Appellant answered denying liability on the ground that the interest charges were usurious and counterclaimed for the return of interest theretofore paid, alleging those charges were usurious. The Circuit Court of the Territory of Hawaii found in favor of appellee. An appeal was taken to the Supreme Court of the Territory and that court affirmed the judgment.

The contention of the appellant seems to be that the entire money transactions between him and the appellee were under one agreement for financing, which agreement was prospective in character and had for its purpose the supplying of appellant with all necessary finances to cover his transactions during an undesignated period of time. The Supreme Court of Hawaii decided that no such agreement existed; that each transaction wherein money was borrowed and a note given, was separate and distinct; that no obligation was placed upon appellant to borrow money from appellee at any time; that he was free to pay off installments due on a given note out of funds in his possession or which he might secure elsewhere than from appellee.

We think the conclusion reached by the Supreme Court of Hawaii could reasonably be drawn from the evidence. Said Supreme Court further found the transaction to be in accordance with the laws of the Territory of Hawaii, and in so doing stated:

"Section 6782-N in granting this power speaks for itself with a force equal to the prior grant thereof by section 4(a) [Act 154 of the Session Laws of Hawaii, 1933] and likewise requires no judicial construction. In plain and unambiguous language it reads: 'Interest on loans made by any industrial loan and investment company, subject to this chapter, may be deducted in advance at the rate of but not exceeding one per centum (1%) per month, and in addition, the company may require and receive * * * monthly or other periodical installments * * *.'"

The Supreme Court of Hawaii held that appellee, "at the particular times of execution relative to all the notes, the plaintiff [appellee] had full statutory power and continuing authority to deduct interest on each loan in advance and at the same time require monthly installments of principal.

"That this power and authority were properly exercised in making loans is demonstrated by the face of the notes and the undisputed evidence, the parties having stipulated to the following facts: that interest for each loan was deducted in advance and in addition the principal amount of each loan was required to be paid in fifteen equal monthly installments, the balance of loan after deduction of interest being either paid to the defendant or, as done in most instances, applied at his request to installment payments due on pre-existing notes; that the money loaned upon execution of each note was either in

the principal amount of $2330 or $1165, the deducted interest on these amounts being in the sum of $330 and $165, respectively."

 The construction placed upon the Hawaiian statute, unless manifestly erroneous, must be accepted as correct. Waialua Agricultural Co. v. Christian, 305 U.S. 91, 59 S.Ct. 21, 83 L.Ed. 60; Walker v. O'Brien, 9 Cir., 115 F.2d 956. There is no manifest error in the construction given the statute by the Hawaiian Supreme Court; it, as stated by said court, "speaks for itself".

In 1939 the legislature of the Territory of Hawaii enacted a so-called usury statute, Laws 1939, p. 252, intended to operate retroactively in broadening and clarifying the terms of the 1933 Act. The 1939 Act was relied upon by appellee in this case. Appellant challenges its constitutionality. The Supreme Court of Hawaii concluded that no usury being proven under Act 154 of the Session Laws of Hawaii, 1933, it became unnecessary to consider the effect and constitutionality of the 1939 Act. In this ruling we find no manifest error.

Judgment affirmed.