## BRODHEAD v. BORTHWICK.
### No. 11688.

United States Court of Appeals
Ninth Circuit.
April 11, 1949.

Urban E. Wild and Milton Cades, of Honolulu, T. H. (Smith, Wild, Beebe & Cades, of Honolulu, T. H., of counsel), for appellant.

Walter D. Ackerman, Jr., Atty. Gen., Territory of Hawaii, and Rhoda V. Lewis, Asst. Atty. Gen., Honolulu, T. H., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and BLACK, District Judge.

BLACK, District Judge.

This matter comes before this court upon the contention of the appellant that the Supreme Court of Hawaii, following extended litigation in the territorial courts, erred in upholding the constitutionality of what is referred to as the "General Excise Tax Law of Hawaii," Rev.Laws Hawaii 1945, § 5441 et seq., and in any event in upholding the collection of the instant excise taxes against appellant at the rate of 1½% instead of at most ¼%. The excise taxes involved were imposed upon appellant upon the gross proceeds of sales beginning in 1942 to army post exchanges and naval ships' service stores of the United States. Taxes were not imposed on the proceeds of such sales before 1942.

Appellant, relying upon Panhandle Oil Co. v. State of Mississippi, 1928, 277 U.S. 218, 48 S.Ct. 451, 72 L.Ed. 857, 56 A.L.R. 583, primarily contends that such an excise tax violates the Constitution of the United States. Appellant next contends that regardless of constitutionality such general excise tax was beyond the authority of the Territory of Hawaii to enact because not authorized by the "Organic Act of the Territory of Hawaii" of April 30, 1900, 48 U.S.C.A. § 491 et seq. Finally, appellant contends that in any event the tax imposed on such sales should not have exceeded ¼%.

This is a controversy between the appellant-taxpayer and the appellee-tax commissioner. Neither the United States nor any officer or representative of the post exchanges or ships' service stores has appeared in the controversy in any of its stages, as an amicus curiæ or otherwise.

The Supreme Court of Hawaii unanimously held that the general excise tax, such as here involved, was constitutional and valid not only for a state but for Hawaii under its Organic Act. The majority of such court also approved the 1½% rate complained of by appellant, holding it was not discriminatory and was based upon a reasonable classification of taxpayers. Such majority holding was further that post exchanges and ships' stores were neither licensed nor merchants under the Act although required to be both to entitle the appellant to the lower rate of ¼%. The single dissenting judge, while otherwise concurring with the majority and disagreeing with appellant, did consider that the tax could only be nondiscriminatory and enforceable by a holding that post exchanges and naval stores, while not technically licensed nor required by the Act to be technically licensed, should be interpreted as licensed merchants because they existed by lawful army and navy permission.

It is clear that before 1942 or before any of the instant taxes accrued, as well as also later, the United States Supreme Court had in a series of decisions overruled the ban previously promulgated by the Panhandle case. See James v. Dravo Contracting Co., 1937, 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318; State of Alabama v. King & Boozer, 1941, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3; Curry v. United States, 314 U.S. 14, 62 S.Ct. 48, 86 L.Ed. 9; Penn. Dairies v. Milk Control Commission, 318 U. S. 261, 63 S.Ct. 617, 87 L.Ed. 748; in which last opinion in 1943 the Supreme Court definitely states that the Panhandle doctrine was overruled by State of Alabama v. King & Boozer, 1941, supra.

This court of appeals in Yerian v. Territory of Hawaii, 9 Cir., 130 F.2d 786, 789, referring to the Hawaiian Organic Act, said: "With respect to taxation of instrumentalities of the United States, the power conferred by § 55 (of such Organic Act, 48 U.S.C.A. § 562) is as great as, and no greater than, the powers of the States with respect to such taxation."

Since under the reasoning of the Supreme Court in State of Alabama v. King & Boozer, supra, and similar decisions before-mentioned a general excise tax of the kind involved here is not prohibited by the United States Constitution and since under the rule of Yerian v. Territory of Hawaii, supra, the Hawaiian legislature had the same authority to enact such excise tax as would a state the decision hinges upon the construction of the tax act itself.

We, therefore, are in accord with the decision of the court below that the "troublesome question involved is whether or not the rate to be applied * * * should be 1½% * * * or one quarter of 1%."

As we recently said in Carey v. Hilo Finance & Thrift Co., 9 Cir., 170 F.2d 236, 238, "The construction placed (by the Hawaiian Supreme Court) upon the Hawaiian statute, unless manifestly erroneous, must be accepted as correct. Waialua Agricultural Co. v. Christian, 305 U.S. 91, 59 S.Ct. 21, 83 L.Ed. 60; Walker v. O'Brien, 9 Cir., 115 F.2d 956."

Under the Act a 1½% tax is imposed upon "every person" in the Territory engaged in the business of selling any tangible personal property computed on the gross proceeds of the sales with certain particular exceptions. The specific exception with which we are here concerned is the exception involving "wholesaler."

The Act, so far as applicable here, section 1, paragraph 10, defines a wholesaler as "a person doing a regularly organized wholesale or jobbing business * * * and only with respect to * * * (a) sales, to a licensed retail merchant or jobber, for purposes of resale;". Rev.Laws 1945, § 5446. Under the Act a "wholesaler" is only a wholesaler as respects sales to a licensed retail merchant for resale. As to other sales, the wholesaler as far as the Act is concerned is just a "person." Under such wholesaler exception the proceeds from "sales, to a licensed retail merchant or jobber, for purposes of resale" bear a ¼% rate.

There is no contention that the army post exchanges or naval ships' service stores were jobbers. It is agreed that their purchases were for resale to those particular persons privileged to buy from them. The vital issue, therefore, is whether or not such post exchanges and ships' stores are "licensed retail merchants." To come within the exception entitling appellant's sales to be taxed at ¼% they must under the Act be both licensed and merchants. Being merely one or the other will not suffice. The majority holding of the Hawaiian Supreme Court was that they were neither licensed nor merchants. If the court's interpretation below was correct as to either "li-

censed" or "merchant" the appellant was not a wholesaler under the Act. In determining that army post exchanges and naval ships' service stores were not merchants the Hawaiian Supreme Court majority interpreted a "merchant," although not defined by the Act, as being one "who is engaged in buying and selling goods, wares or merchandise for gain or profit." It held that under the evidence and the stipulation of the parties pursuant to Standard Oil Company of California v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611, that post exchanges and ships' service stores are "arms of the Government and integral parts of the respective services," that "their functions are governmental and not proprietary," and that therefore none such is a "merchant" within the meaning of section 1, paragraph 10(a) of the Act.

The majority holding of the Hawaiian Supreme Court was further that "licensed" means "licensed." Under the Act certain retail merchants were required to be licensed. But there was no requirement nor provision for post exchanges or naval stores to be licensed.

■ The Act provided for the issuance of a license and the payment of a certain fee therefor by those required to secure such. The post exchanges and naval stores did not receive any such license and paid no such fee. In addition to post exchanges and ships' stores there were a number of retail establishments which were not licensed under the Act, including public utilities selling stoves, refrigerators, heaters and the like; hospitals; fraternal benefit societies; school cafeterias; etc. We are in accord with the majority decision below that "licensed" means licensed under the Act and that therefore as to sales by appellant to army post exchanges and naval ships' service stores appellant was not a wholesaler as defined by the Act.

In substance, the classification of taxpayers for rate purposes under the Act, pursuant to the construction of the Supreme Court of Hawaii, is as follows: Class 1—(in which appellant falls) "every person" making sales concerning which there will not be a further tax, either because the sale is one for consumption or one for a resale but on which resale there is, under the Act,

no tax liability. Class 2—"wholesalers" as defined by the Act making sales for resale where the resales later would be taxed at 1½%. As to Class 1 the tax rate is fixed at 1½%. In Class 2 the original sale is subject to ¼% tax and the subsequent resale to 1½% tax, or a total for the original and subsequent sale with respect to Class 2 of 1¾%. In such connection the majority opinion of the Supreme Court of Hawaii in this case said: "And the legislature apparently intended that as to each class a different rate of taxation obtain, in the former the rate of one and one-half per cent as sales made by 'every person' and in the latter one-quarter per cent as sales made by a 'wholesaler.' The well-settled rule that the legislature may classify objects for the purposes of taxation has long since received recognition and been applied by this court."

■ In other words the court below has held that Hawaii may, in an excise tax act which taxes every sale, service or other activity, properly avoid the doubling of the tax or its undue pyramiding by prescribing a lower rate where a subsequent taxable activity is to follow. We deem such to be reasonable.

In Class 1 above-mentioned under the decision of the court below the sales by "every person" to the federal government, the territorial government, any agency of either, charitable institutions, hospitals, etc., as previously mentioned, are to be taxed at 1½% because each of such buyers, whether buying for consumption or resale are immune from a second tax. In sales by taxpayers in Class 2, to wit: a "wholesaler" to a licensed retail merchant, the wholesaler is taxed ¼% and the licensed retail merchant 1½% on resale, which pyramided aggregates 1¾%.

The purport of appellant's position is that the post exchanges and ships' stores are discriminated against by tax upon appellant from whom the purchases were made of 1½% because licensed retail merchants buying for resale purchase from a "wholesaler" who pays only ¼%. But in such event such licensed retail merchants pay an additional 1½% upon the resales which the post exchanges and naval stores in company with the federal and territorial governments, public utilities, as above, charitable institutions, hospitals, school cafeterias, etc., escape. Thus the tax on the vendor on sales to post exchanges, the same as on sales to the federal government and other federal agencies, amounts to 1½% while the pyramided tax in the two sales involving a licensed retail merchant aggregate 1¾%.

Under the stipulation of the parties: "Purchases are made by post exchanges (and ships' stores) both on the mainland and locally, according to the best judgment of the exchange officer, the delivered cost to the exchange (and ships' stores) being one of the most important factors considered."

Under such stipulation the burden which appellant claims militates against the post exchange probably, as suggested by the majority opinion below, exists only in theory and not in fact. While almost always the ultimate consumer pays the tax, in the instant situation there exists a reasonable probability that if sellers like appellant endeavored to add the 1½% tax to the price of their goods that the post exchanges and ships' stores would buy direct on the mainland and then themselves have the goods shipped to the post exchanges and ships' stores in Hawaii, thus avoiding any tax at all. That presents a problem of local policy for appellant and the Hawaiian legislature and not for this court.

■ The Hawaiian Supreme Court has held the classification is nondiscriminatory and reasonable. With such holding we agree. At most, as the court below held, any incidence of such general excise tax law only indirectly affects the United States government or its departments or agencies through an economic effect merely consequential and remote and not immediate or direct. Under the rationale of State of Alabama v. King & Boozer, supra, the excise tax therefore does not violate the United States Constitution.

■ Finally, the construction placed upon such Hawaiian tax statute by the majority opinion of the Hawaiian Supreme Court certainly is not manifestly erroneous. Consequently such construction must be and is accepted by us as correct.

The judgment below is affirmed.