18804

W. W. REYNOLDS, d/b/a W. W. Reynolds Food Service, Respondent, v. SOUTH CAROLINA TAX COMMISSION, Appellant

(162 S. E. (2d) 259)

Messrs. *Daniel R. McLeod, Attorney General,* and *Joseph C. Coleman, Assistant Attorney General,* of Columbia, *for Appellant,*

Messrs. *Murdaugh, Eltzroth & Peters,* of Hampton, *for Respondent.*

June 27, 1968.

*Per Curiam:*

W. W. Reynolds, the respondent herein, brought this action pursuant to Section 65-2662 of the 1962 Code against the South Carolina Tax Commission, the appellant herein, to recover the sum of $10,249.64, with interest thereon, which was paid under protest as a tax on syrup used for mixing soft drinks at a soda fountain in his place of business. This tax was assessed pursuant to Sections 65-751 and 65-752 of the Code.

The respondent operated a food service business from July 1, 1959 to September 30, 1964 under a contract with the Marine Corps Exchange at the Marine Corps Air Station, Beaufort, South Carolina, and in the operation of such food service the respondent used syrup for the mixing of soft drinks at his soda fountain and did not affix to the containers of such syrup the soft drink license tax stamps required by the statute. It is the position of the respondent that such assessment was not proper because his place of business is in an area which has been ceded to the United States pursuant to Section 39-51, *et seq.* of the Code, and such area is without the jurisdiction of the State of South Carolina for the purpose of levying the aforesaid tax. The respondent further contends that he operates his food service business under a contract with the Marine Corps Exchange and such is a federal instrumentality immune from state taxation.

This case was tried by The Honorable Frank Eppes, presiding judge, without a jury, under an agreed statement of facts, who, by his order of November 30, 1967, concluded that the respondent was entitled to recover the taxes paid under protest, holding that the tax levied and collected was from a federal instrumentality and, therefore, was improperly levied and collected, and further that the appellant did not have jurisdiction to levy or collect taxes provided for in Sections 65-751 and 65-752 of the Code because the business of the respondent was conducted within a federal area.

The respondent and Marine Corps Exchange, Marine Corps Air Station, Beaufort, South Carolina, entered into a written contract by the terms of which the respondent, designated as the "contractor", should operate a cafeteria in that part of the Exchange Building set aside for such purpose and operate snack bars in such buildings as may be designated by the Exchange Officer. It was further agreed that the contractor would furnish the required personnel to satisfactorily perform on his part the food service contract. It was agreed that the employees or agents of the contractor, as well as the contractor himself, should under no circumstances be deemed to be employees or agents of the Exchange. The contractor agreed to indemnify and hold harmless the United States Government, its agencies and instrumentalities, against liability and any and all claims for loss, death, injury or damage, including costs and expenses arising out of or in connection with the furnishing by the contractor of any of the products, machines or any other equipment called for or required in the performance of the contract, or arising out of or in connection with any of the activities or actions of the contractor, its representatives, agents or employees while performing the contract. It was further agreed that the contractor would pay to the Exchange ten (10%) percent of the gross receipts for the right to conduct his business with the Exchange. The contractor agreed to pay promptly and according to the terms of sale all indebtedness incurred by him in transactions with his vendors in connection with the carrying out of his agreement. It was also agreed that the contractor would replace and properly maintain any equipment that was furnished to him by the Exchange.

The contract further provided, with reference to taxes, that:

"The Contractor assumes complete liability for all taxes applicable to the property, income and transactions of the Contractor. The Exchange shall not be liable to the Contractor and will make no reimbursement for any tax im-

posed either directly or indirectly upon the Contractor by any authority by reason of this contract or otherwise."

The first question for decision is whether under the facts of this case the tax levied and sought to be collected by the appellant is from a federal instrumentality or agency.

■ It has been held in numerous cases that the mere fact that a private corporation conducts its business under a contract with the United States does not make it an instrumentality of the latter. *Buckstaff Bath House Co. v. McKinley*, 308 U. S. 358, 60 S. Ct. 279, 84 L. Ed. 322; *Fidelity & Deposit Co. of Maryland v. Com. of Pennsylvania*, 240 U. S. 319, 36 S. Ct. 298, 60 L. Ed. 664; *Baltimore Ship Building & Dry Dock Co. v. City of Baltimore*, 195 U. S. 375, 25 S. Ct. 50, 49 L. Ed. 242; *State of Alabama v. King and Boozer*, 314 U. S. 1, 62 S. Ct. 43, 86 L. Ed. 3; *Curry v. United States*, 314 U. S. 14, 62 S. Ct. 48, 86 L. Ed. 9; and *United States v. Muskegon Township*, 355 U. S. 484, 78 S. Ct. 483, 2 L. Ed. (2d) 436.

■ Under the contract heretofore referred to, the respondent was an independent contractor and, therefore, not an instrumentality of the United States Government. The tax sought to be collected by the appellant is not one levied against the government, its properties or its instrumentalities, but on an independent contractor and thus constitutes no burden on the government. The trial judge was in error in not so holding.

The other question for decision is whether the tax imposed by Sections 65-751 and 65-752 of the Code is a sales or use tax within the meaning of the Buck Act, 4 U.S.C.A. Section 105, *et seq.*, which recedes to the states power to levy and collect sales and use taxes in federal areas within the states.

It is agreed that the respondent operates his place of business in an area within South Carolina which has been ceded to the United States and is a "federal area" under the provisions of Section 39-51 of the Code. It is provided in Section 39-52 of the Code:

"Exclusive jurisdiction in and over any land so acquired by the United States pursuant to the consent given by Section 39-51 shall be, and the same is hereby, ceded to, the United States for all purposes except the service upon such sites of all civil and criminal process of the courts of this State."

The Buck Act, 4 U.S.C.A., Section 105 (a), provides:

"No person shall be relieved from liability for payment of, collection of, or accounting for any sales or use tax levied by any State, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, on the ground that the sale or use, with respect to which such tax is levied, occurred in whole or in part within a Federal area; and such state or taxing authority shall have full jurisdiction and power to levy and collect any such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area."

The Buck Act, 4 U.S.C.A. Section 110 (b), defines "sales or use tax" as follows:

"The term 'sales or use tax' means any tax levied on, with respect to, or measured by, sales, receipts from sales, purchases, storage, or use of tangible personal property, except a tax with respect to which the provisions of Section 104 of this title (motor fuels) are applicable."

Section 65-752 of the Code provides:

"For each gallon of syrup for *use* at soda fountains in mixing any drink which when mixed would be classified as a soft drink, there shall be affixed to the original container soft drinks license tax stamps, at the rate of one dollar per gallon." (Emphasis added.)

It is the contention of the appellant that the tax provided for in Section 65-752 of the Code is a sales or use tax within the meaning of the Buck Act and jurisdiction to levy and collect such tax has been receded to the state under the aforesaid act. The respondent contends that the tax imposed by Section 65-752 of the Code is a license tax and not a sales

or use tax and hence the Buck Act is inapplicable to give the appellant jurisdiction to levy and collect the tax with which we are here concerned. The respondent calls our attention to the fact that Sections 65-751 and 65-752 of the Code characterizes the tax as a *license tax*.

In the case of *Marshall v. South Carolina Tax Commission*, 178 S. C. 57, 182 S. E. 96, this court stated that it makes no difference what name the legislature calls a tax or what label is placed upon it, the character of the tax will be determined by its operation and effect. The question here is whether the tax levied and attempted to be collected by the appellant is a sales or use tax, as defined by the Buck Act in Section 110(b) thereof.

The tax levied and sought to be collected is clearly a tax upon the *use* of syrup at soda fountains in mixing any drink which, when mixed, would be classified as a soft drink. We think the foregoing is made perfectly clear by Section 65-753 of the Code which defines the word "syrup" as being the compound mixture or basic ingredients *used* in making, mixing or compounding of soft drinks at soda fountains.

The Buck Act confers upon states jurisdiction to levy and collect a sales or use tax "in any Federal area" and a sales or use tax is defined in said act as "any tax levied on, with respect to, or measured by, * * * storage, or use of tangible personal property. * * *" This provision provides an ample basis for the appellant to levy a tax measured by and with respect to the storage or use of the syrup here involved.

It is our conclusion that the tax inmposed by Section 65-752 of the Code is a use tax within the meaning of the Buck Act. Therefore, the appellant had the authority to levy and collect said tax.

The judgment of the lower court is reversed and this case remanded thereto for the purpose of entering judgment in favor of the appellant.