172 So.2d 385

**ASSOCIATED CONTRACTORS**

**v.**

**Phillip J. HAMM, Commissioner of Revenue.**

**3 Div. 123.**

Supreme Court of Alabama.

Feb. 25, 1965.

Rushton, Stakely & Johnston, Montgomery, for Associated Contractors.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, John B. Jones, Jr., Fred R. Becker, Attys., Dept. of Justice, Ben

Hardeman, U. S. Atty., and Rodney R. Steele, Asst. U. S. Atty., for United States.

SIMPSON, Justice.

This is another case involving the collection of the State use tax from a contractor who uses tangible personal property to fulfill a contract with the United States government. Stated as simply as possible, the issues arise out of the following:

Appellant (a joint venture consisting of several contracting firms) entered into a "Cost-Plus-a-Fixed Fee" contract with the United States government for the rehabilitation of a federal government installation at Childersburg. The estimated cost of the job exclusive of the fixed fee to be paid appellant was $36,755,700. The fee to be paid appellant above cost and expenses was $800,000.

Appellant paid the use tax assessed by the State and filed a bill for refund, result-

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellee.

ing in a final decree denying the same. The appeal is from this decree. The United States of America was allowed to intervene.

The contract provided that "The Contractor shall, in the shortest practicable time, furnish the labor, materials, tools, machinery, and equipment, facilities, supplies, not furnished by the Government, and services, and do all things necessary for the completion of the following work: Rehabilitation of Alabama Ordnance Works * * *."

It is strongly contended by appellant and the Government that the trial court erred in its decree denying the refund for the following reasons:

(1) That the title to the property (the subject of the tax) passed to the United States outside the State of Alabama, and the Alabama Use Tax (Title 51, § 787 et seq., Code of 1940, as Amended) does not purport to tax the storage, use or other consumption of property by one who does not hold legal title to the property within the state;

(2) That if the Alabama Use Tax Statute does tax the use, etc. of property, title to which is in another, nevertheless it may not constitutionally tax the user of United States property where such use inures solely to the benefit of the United States; and

(3) That the interpretation given to the Alabama Use Tax by the trial court unconstitutionally discriminates against the user of personal property purchased outside the State of Alabama.

The trial court resolved the question of title adversely to appellant and the Government, finding that title to the property purchased passed from the vendors to the contractor and only later came to rest in the Government, after the taxable incident had occurred. There is no dearth of support for this conclusion in the record. Article IV, page 8 of the contract provides that "in general" title is to pass as follows:

"Title to all materials, tools, machinery, equipment and supplies for which the contractor shall be entitled to reimbursement under Article IV shall vest in the government one [sic; at] such point or points as the Contracting Officer may designate in writing, providing that the right of final inspection and acceptance or rejection of such materials, tools, machinery, equipment and supplies at such place or places as he may designate in writing is reserved to the Contracting Officer; provided further that, upon final inspection, the contractor shall be given written notice of acceptance or rejection as the case may be. In the event of rejection, the contractor shall be responsible for the removal of the rejected property within a reasonable time.

"Article IV, Section 9(b) relating to 'Government Property' has the following provisions:

" 'Title to all property purchased by the contractor, for the cost of which the contractor is to be reimbursed as a direct item of cost under this contract, shall pass to and vest in the government upon delivery of such property by the vendor.'

"Under Condition No. 20 contained on the reverse side of the Purchase Order form used by the contractor to purchase the various items of materials from the private suppliers, title is said to pass to the contractor at the point of loading for shipment to the destination set forth in the Purchase Order. However, stamped on the Purchase Order is the following provision which allegedly amends the 'Inspection, FOB, and Transportation' clause of the conditions contained on the reverse side:

" 'INSPECTION, F.O.B., AND TRANSPORTATION: (a) The prices set out above are to be f. o. b. point of shipment, with full freight allowed and prepaid to destination, (b) Title will pass to Associated Contrac-

tors at point of loading for shipment to the destination set forth herein; title shall vest in the United States Government the moment next following the moment the title passes to Associated Contractors; however, final inspection and acceptance will be made by Associated Contractors at destination. Risk of loss or damage will be on the Vendor until delivered at destination.' "

These various provisions do not make it crystal clear as to the exact intention of the parties with respect to technical legal title. However, we are in complete agreement with the trial court in its conclusion that at least insofar as the Alabama Use Tax statute is concerned, the Associated Contractors had sufficient title, control and possession of these various materials when they came to rest in this state to invoke the statute. The language of the statute does not seem to indicate that the legislature intended to predicate the tax upon one who held technical legal title and no other. Section 788, Title 51, Code of 1940, levies the use tax, insofar as here pertinent as follows:

> "An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property purchased at retail * * * for storage, use or other consumption in this state at the rate of three percent of the sales price of such property, regardless of whether the retailer is or is not engaged in the business in this state * * *."

"Use" is defined under § 787(h) as follows:

> "The term 'use' means and includes the exercise of any right or power over tangible personal property incident to the ownership of that property, or by any transaction where possession is given, except that it shall not include the sale of that property in the regular course of business."

"Purchase" is defined under § 787(i) as follows:

> "The term 'purchase' means acquired for a consideration, whether such acquisition was effected by a transfer of title, or of possession, or of both, or a license to use or consume; whether such transfer shall have been absolute or conditional, and by whatsoever means the same shall have been effected; and whether such consideration be a price or rental in money, or by way of exchange or barter."

It is undisputed here that all purchases were made by Associated Contractors. The trial court found that:

> " * * * the Complainant [contractors] was required to risk its own credit and was obliged to pay the suppliers for the materials, with freight allowed. All adjustments concerning the materials were required under the purchase order to be made between the contractor and the vendor. And actually the contractor had possession of the material [sic] from the time they were purchased until they were used by it in performing the work under the contract.

> "All materials to be used were subject to final inspection and approval by the contracting officer at the job site and before the work was done. If any of the materials were rejected by the contracting officer then it was the responsibility of the contractor to remove them from the reservation and to make the proper adjustments with the vendor. Under these circumstances it clearly appears that actually and as a practical matter title to the materials passed in the first instance from the vendor to the contractor and remained in the contractor until the materials were used by it in performing the work called for under the contract, if they were not rejected at the job site by the contracting officer."

██ Under these circumstances we are abundantly convinced that Curry v. United States et al., 314 U.S. 14, 62 S.Ct. 48, 86 L.Ed. 9, is the controlling authority in this case. In that case (which is a companion case to State of Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3), the question was whether by a cost-plus contract the contractors were immune from the use tax imposed by the state because the materials with respect to the use of which the tax was assessed were ordered by the contractors and used by them in performance of their contract with the government. There the contractors opposed the tax on the ground that it was in effect an effort by the state to tax the federal government, which by the terms of the contract bore the ultimate cost. The Supreme Court of the United States held that:

"* * * we think that the contractors, in purchasing and bringing the building material into the state and in appropriating it to their contract with the Government, were not agents or instrumentalities of the Government [a contention made in the case at hand]; and they are not relieved of the tax, to which they would otherwise be subject, by reason of the fact that they are Government contractors. If the state law lays the tax upon them rather than the individual with whom they enter into a cost-plus contract like the present one, then it affects the Government, like the individual, only as the economic burden is shifted to it through operation of the contract. * * * the Constitution, without implementation by Congressional legislation, does not prohibit a tax upon Government contractors because its burden is passed on economically by the terms of the contract or otherwise as a part of the construction cost to the Government."

Being convinced from the record that sufficient title was in Associated Contractors to invoke the statute, we think we have exactly the same case here, as in Curry v. United States and State of Alabama v. King & Boozer, supra.

That being the case, it is perhaps not necessary to write to other contentions made by appellant and the Government. However, we think it worth-while to point out that these contentions, too, have as recently as June 15, 1964, been resolved against them by the Supreme Court of the United States in United States et al. v. Boyd, 378 U.S. 39, 84 S.Ct. 1518, 12 L.Ed. 2d 713. In that case the contractors had a cost-plus contract with the Atomic Energy Commission. Among the terms and conditions attached to the order forms used by the contractor in making purchases of materials was the following:

"It is understood and agreed that this Order is entered into by the Company for and on behalf of the Government; that title to all supplies furnished hereunder by the Seller shall pass directly from the Seller to the Government, as purchaser, at the point of delivery; that the Company is authorized to and will make payment hereunder from the Government funds advanced and agreed to be advanced to it by the Commission, and not from its own assets and administer this Order in other respects for the Commission unless otherwise specifically provided for herein * * *."

██ The Court held that there is no constitutional prohibition against a state's (Tennessee) taxing the beneficial use by a federal contractor of property owned by the United States, even though the tax is measured by the value of the Government's property, citing United States v. City of Detroit, 355 U.S. 466, 78 S.Ct. 474, 2 L.Ed. 2d 424, and "even though his contract is for goods or services for the United States". Tennessee had amended its use tax statute by adding a contractor's use tax which imposed a tax upon contractors using property in the performance of their contracts with others, irrespective of the ownership of the property and of the place where the goods were purchased.

Appellant and the Government concede that this case disposes of alternative positions taken by them in the case at bar and rest their case upon the contention that Alabama's use tax applies only when legal title is in the person taxed and that such is not the case here.

These points having been resolved against them by the trial court and affirmed here, nothing more seems necessary to be said.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.