This case involves the cancellation by the Alabama Department of Revenue of the exemption of a non-profit corporation from the payment of Alabama state sales and use taxes
Community Action Agency of Huntsville, Madison County, Inc., filed in the Circuit Court of Montgomery County, Alabama, a complaint and asked the trial court to enjoin the State of Alabama, et al., from cancelling its sales and use tax exemption. All facts and issues were stipulated by the parties From these facts, the trial court found the Community Action Agency was not exempt from the payment of state sales and use tax on purchases of tangible personal property. The Community Action Agency appealed
The primary issue presented is whether or not the purchases of tangible personal property made by the Community Action Agency are subject to Alabama sales and use tax. In deciding this issue, we must resolve several underlying issues, viz:
Is the Community Action Agency an agency of the federal, state or local government and thereby exempt from sales and use tax under the doctrine of implied government immunity, or does the Community Action Agency perform its services, not as a governmental agency, but as an independent subcontractor which would not be exempt from sales and use tax?
Is the Community Action Agency an "educational institution" within the purview of Code of Alabama 1975, §§ 40-23-4 (15) and40-23-62 (16), and thereby exempt from sales and use tax?
Are the sales made to the Community Action Agency non-taxable "wholesale sales," or are they "retail sales" which are subject to taxation?
A final issue is whether or not the cancellation of the certificate of sales and use tax exemption which the Department of Revenue had previously issued to the Community Action Agency violates that agency's due process rights, and whether the Revenue Department is estopped from withdrawing this exemption certificate, because it has waived or lost, by laches, its right to levy such taxes
It is well settled that eligible state and federal government agencies are exempt from Alabama sales and use tax as provided for by Code of Alabama, 1975, §§ 40-23 4 (11) and 40-23-4 (17) Such agencies may also be exempt under the doctrine of government immunity. The first issue thus becomes whether or not the Community Action Agency is in fact an "agent" of the government within the purview of these statutes on the doctrine of immunity
The Community Action Agency of Huntsville, Madison County, Inc., was organized as authorized by the Economic Opportunity Act of 1964, 42 U.S.C. § 2701 et seq., as amended, as a non-profit corporation under the laws of the State of Alabama for the public, educational and charitable purposes of eliminating poverty in Madison County, Alabama. The Community Action Agency sets forth several assertions in support of its contention that it is, in fact, an agency of the government For instance, it cites that it is totally funded and heavily regulated by the federal government. In addition, it contends that "the purchases made by the Community Action Agency are owned by the United States Government, *Page 892 
not the Community Action Agency,"[1] and that the economic burden and legal incidence of the sales tax paid by the Community Action Agency is directly upon the United States Government. In addition to these assertions, the Community Action Agency cites a 1974 case from the Circuit Court of Montgomery County wherein that court held that A.R.A. Services, which the Community Action Agency states was identical in funding, organization and programs to itself, was an educational organization operating as an agency of the federal government, that the economic burden and legal incidence of a sales tax was directly upon the United States or its agents, and, therefore, A.R.A. Services was exempt from Alabama sales tax. A.R.A. Services, Inc. vState, Civil Action Nos. 38833 38833 1/2, Circuit Court of Montgomery County (1974), (unpublished)
In response to these assertions, the Revenue Department contends that the holdings by the Circuit Court in A.R.AServices, Inc. v. State, (unpublished) is not sound, and urges this Court to adopt the holding of the South Carolina Supreme Court in the case of A.R.A. Services, Inc. v. South CarolinaTax Commission, 271 S.C. 146, 246 S.E.2d 171 (1978), certdenied, 439 U.S. 1048, 99 S.Ct. 725, 58 L.Ed.2d 707 (1978)
In the South Carolina case, the status of A.R.A. Services as an agent of the federal government was involved, although not as the primary issue. In that case the South Carolina court held that A.R.A. Services was subject to the state sales tax It stated:
 ARA entered into a written contract with each of the local sponsors which were referred to in the contracts as "purchasers." The preamble of the contract stipulated that ". . . purchaser is desirous of purchasing meals for consumption by children under the Special Summer Service Program for Children of the United States Department of Agriculture. . . ." (Emphasis added.) No federal agency was a party to the contract. The Department of Agriculture entered into a separate reimbursement contract with the local sponsors. [Emphasis added.]
A.R.A. Services, Inc. v. South Carolina Tax Commission, supra
pp. 171, 172
It is uncontested by either party that the Community Action Agency is identical, in characteristics which are pertinent to this decision, to the A.R.A. Services, Inc. which was involved in the South Carolina case. The reasoning and determinations of the South Carolina Supreme Court are sound and after carefully considering the facts in this case, we conclude that the Community Action Agency is not an agent of the federal, state or local government. We reach this determination because of several reasons. The Community Action Agency does not make purchases in the name of the federal government or any other government, but, rather, in its own name. The language in the contracts between the Community Action Agency and the various governments they deal with is indicative of arm's-length transactions between two independent parties. The Community Action Agency has complete control over the money it receives and can use it in any way it deems appropriate in order to fulfill its contractual duties. No government is considered to own the items purchased by the Community Action Agency; the ownership of these items is, instead, in the Community Action Agency itself until those items are given away or otherwise used. Only the Community Action Agency is liable for payment for the items it purchases and there is no evidence showing that the federal government or any government is obligated in any way to pay for those purchases *Page 893 
In light of these facts we are convinced that the Community Action Agency does not perform its services as a governmental agency, but, as an independent contractor which is hired by various governments to perform certain services. This being our conclusion, the following statement from the case of UnitedStates v. Boyd, 378 U.S. 39, 84 S.Ct. 1518, 12 L.Ed.2d 713, becomes applicable
 The Constitution immunizes the United States and its property from taxation by the States, M'Culloch v. Maryland [7 U.S. 316], 4 Wheat. 316 [4 L.Ed. 579], but it does not forbid a tax whose legal incidence is upon a contractor doing business with the United States, even though the economic burden of the tax, by contract or otherwise, is ultimately borne by the United States. James v. Dravo Contracting Co., 302 U.S. 134 [58 S.Ct. 208, 82 L.Ed. 155]; Graves v. New York, 306 U.S. 466 [59 S.Ct. 595, 83 L.Ed. 927]; Alabama v. King Boozer, 314 U.S. 1 [62 S.Ct. 43, 86 L.Ed. 3], p. 44, [84 S.Ct. p. 1521]
In addition, this Court stated in Associated Contractors vHamm, 277 Ala. 500, 172 So.2d 385 (1965):
 Under these circumstances we are abundantly convinced that Curry v. United States et al., 314 U.S. 14, 62 S.Ct. 48, 86 L.Ed. 9, is the controlling authority in this case. In that case (which is a companion case to State of Alabama v. King Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3), the question was whether by a cost-plus contract the contractors were immune from the use tax imposed by the state because the materials with respect to the use of which the tax was assessed were ordered by the contractors and used by them in performance of their contract with the government. There the contractor opposed the tax on the ground that it was in effect an effort by the state to tax the federal government, which by the terms of the contract bore the ultimate cost. The Supreme Court of the United States held that:
 "* * * we think that the contractors, in purchasing and bringing the building material into the state and in appropriating it to their contract with the Government, were not agents or instrumentalities of the Government [a contention made in the case at hand]; and they are relieved of the tax to which they would otherwise be subject, by reason of the fact that they are Government contractors. If the state law lays the tax upon them rather than the individual with whom they enter into a cost-plus contract like the present one, then it affects the Government, like the individual, only as the economic burden is shifted to it through operation of the contract. * * the Constitution, without implementation by Congressional legislation, does not prohibit a tax upon Government contractors because its burden is passed on economically by the terms of the contract or otherwise as a part of the construction cost to the Government."
p. 388
The second issue presented in our determination of whether the Community Action Agency should be afforded tax exempt status with regard to Alabama state sales and use tax is presented by the Community Action Agency's contention that it is an "educational institution" under the purview of Code of Alabama 1975, §§ 40-23-4 (15) and 40-23-62 (16). Section40-23-4 (15) exempts from sales tax "the gross proceeds of the sale or sales of tangible personal property to county and city school boards, independent school boards and all educational institutions and agencies of the state of Alabama, the counties within the state or any incorporated municipality of the state of Alabama." Section 40-23-62 (16) exempts from use tax "tangible personal property stored, used or consumed by county and city school boards, independent school boards and all educational institutions and agencies of the state of Alabama, the counties within the state or any incorporated municipality of the state of Alabama."
At the outset, we take note of the well known rule of construction that "exemptions *Page 894 
from taxation, whether statutory or constitutional, are to be strictly construed, against the exemption and in favor of the right to tax, and that no person or property is to be exempted unless the intention to exempt such person or property clearly appears in some statute or constitutional provision." BrundidgeMilling Company v. State, 45 Ala. App. 208, 210, 228 So.2d 475
(1969); State v. Bridges, 246 Ala. 486, 21 So.2d 316 (1945); 159 A.L.R. 678. Furthermore, it has long been the rule that one seeking an exemption from taxation assumes the burden to clearly establish the right, and that in all cases of doubt as to legislative intention, the presumption is in favor of the taxing power. Brundidge Milling Company v. State, supra, TitleGuarantee Loan and Trust Co. v. Hamilton, 238 Ala. 602,193 So 107 (1940); Curry v. Reeves, 240 Ala. 14, 195 So. 428 (1940)
The Community Action Agency offers no proof that it is an educational institution within the purview of these statutes, except that it is involved in a program that provides school lunches to underprivileged children. We are not convinced that the legislature in providing these tax exemptions for "educational institutions" intended to include organizations such as the Community Action Agency which merely provide a service for the schools. We find nothing in the evidence, or in the Agency's brief and arguments, which shows that the Agency met its burden to overcome the presumption in favor of the taxing authority
The final issue involved in deciding whether the purchases made by the Community Action Agency are subject to Alabama sales and use tax requires us to determine if the sales made to the Agency are non-taxable "wholesale sales" or taxable "retail sales."
Code of Alabama, 1975, § 40-23-1 (a)(9)(a), defines "sale at wholesale" as follows:
 A sale of tangible personal property by wholesalers to licensed retail merchants, jobbers, dealers or other wholesalers for resale and does not include a sale by wholesalers to users or consumers, not for resale. . .
In its brief, the Community Action Agency offers the following argument to show that the sales made to the Community Action Agency come within this statutory definition of wholesale sales:
 All items purchased by the Community Action Agency are items which are not consumed by the Community Action Agency but merely passed on to the needy, disadvantaged and underprivileged of Madison County, through the various federal programs. The flow of tangible goods through the Community Action Agency involves two distinct "sales", the first from the seller to the Community Action Agency; and the second from the Community Action Agency to the recipients of the services. The consideration for the first sale flows from the Community Action Agency to the seller The consideration from the second sale flows from the Federal Government to the Community Action Agency, since recipients do not pay for the benefits received. In most of the programs the Community Action Agency first gives benefits to the recipients and then is reimbursed by the funding organizations Stipulation, p. 3. Both sales fit the code definitions of sale. It is not necessary for the recipients to give consideration for a sale to be present. The only requirement is that consideration is to have flowed to the Community Action Agency. The source of the consideration here is a third party, the federal government. Therefore, the sale from the seller to the Community Action Agency was a sale for resale. See dissent, A.R.A. Services, Inc. v. South Carolina Tax Commission, 271 S.C. 146, 246 S.E.2d 171, 173 (1978)
Contrary to this position is the holding in A.R.A. Services,Inc., v. South Carolina Tax Commission, supra, wherein the South Carolina Supreme Court stated:
 We think that the lower court erred in holding that ". . . ARA's sales were sales at wholesale and that . . the sales tax *Page 895 
was erroneously assessed." It was the reasoning of the lower court that: "The sponsor, in turn, sold the meals to the consuming children or to the federal agency through a program of reimbursement."
 The meals were never sold by the sponsors to the children. The entire record indicates that everyone involved knew that this was a give-away program
* * * * * *
 It is apparent that no sale was ever contemplated or was ever made by the sponsors to either the children or the Department of Agriculture. Accordingly, the last transaction for a consideration involved ARA as vendor and the sponsors as vendees Code § 12-35-170 defines "wholesale sale" and "sale at wholesale" as follows:
 "The terms "wholesale sale" and "sale at wholesale"
mean a sale of tangible personal property by wholesalers to licensed retail merchants, jobbers, dealers or other wholesalers for resale, and do not include a sale by wholesalers to users or consumers, not for resale." (Emphasis added.)
 ARA argues that there were two distinct sales of the meals. It is maintained that ARA sold the meals to the sponsors, who in turn sold the meals to the children, and that the consideration for the sale from the sponsors to the children was provided by the Department of Agriculture. We are of the opinion that the fact that the Department of Agriculture reimbursed the sponsors for their costs does not convert the giving of meals from the sponsors to the children into a sale. The Department of Agriculture never owned the meals, and the sponsors were obligated to pay for them regardless of whether they were ever reimbursed by the Department
p. 172
Taking note of the stipulated fact in this case that the Community Action Agency receives no consideration from the recipients of benefits and the almost identical wording of the statutory definition of "wholesale sales" under the South Carolina Code and the Alabama Code, we are inclined to agree with the majority in A.R.A. Services, Inc. v. South CarolinaTax Commission, supra. The Community Action Agency does not sell any of the goods it purchases; it uses them to fulfill its obligations with the government. Whether the government's payments to the Community Action Agency come as a grant prior to the time the purchases are made by the Community Action Agency, or come as a reimbursement after the purchases are made, makes no difference. Only one sale transpires, and that sale is a taxable retail sale under the Code of this state
The contention of the Community Action Agency that the doctrines of due process and estoppel prevent the Revenue Department from collecting the tax in this case is without merit. The law of estoppel in tax matters is well settled and is contrary to the position taken by the Community Action Agency. See State v. Maddox Tractor Equipment Co., 260 Ala. 136, 69 So.2d 426 (1953); Ala. Const. 1901, Art. IV, § 100;Boswell v. Abex Corporation, 294 Ala. 334, 317 So.2d 317
(1975)
Based upon the foregoing, the purchases of tangible personal property by the Community Action Agency are subject to Alabama sales and use tax and, therefore, the findings and rulings of the trial court are to be affirmed
AFFIRMED
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur
[1] The purchases by the Community Action Agency, which are the subject of this lawsuit, are made by the Community Action Agency and the items purchased are owned by the Community Action Agency until such time as they are given away or used up by the Community Action Agency, if that be the case. It would be the testimony of Edwin S. Hill, Executive Director of the Community Action Agency that all property, e.g., automobiles, bookcases, desks, etc., which is not used up or given away by the Community Action Agency in furtherance of its specific programs, would, in the event of dissolution of the Community Action Agency, inure to the benefit of the United States Government. *Page 896